MANCHESTER MODES, INC., ET AL. *v.* SIDNEY ELLIS
(2389)

DANNEHY, C.P.J., HULL and BORDEN, Js.

Argued March 6—decision released July 3, 1984

*Frank J. Silvestri, Jr.,* with whom, on the brief, was *Lawrence W. Kanaga,* for the appellants (plaintiffs).

*Julia L. Aurigemma,* with whom, on the brief, was *Elliot B. Pollack,* for the appellee (defendant).

PER CURIAM. This case came before the trial court on remand from the Supreme Court for a determination of the reasonable compensation to which the defend-

ant, Sidney Ellis, was entitled for the performance of services for the plaintiff, Manchester Modes, Inc. (Modes). The facts essential to this appeal[1] were set forth in *First Hartford Realty Corporation* v. *Ellis,* 181 Conn. 25, 434 A.2d 314 (1980) *(Ellis I),* and need not be repeated here.

The trial court, upon concluding that the Supreme Court had held that a contract existed between Modes and Ellis, referred to the contract price for the value of the services rendered. It found, in the alternative, that, on the basis of quantum meruit, the proper measure of damages was also the contract price. The court therefore concluded that under either theory of recovery Ellis was entitled to $40,000, plus interest from August 11, 1976.[2] We find no error.

Modes argues in effect that *Ellis I* did not establish that a contract existed between Ellis and Modes, and that Ellis failed to establish the reasonable value of his services. We disagree.

On remand, the trial court is limited to the specific direction of the appellate court interpreted in the light of its opinion. *Arterburn Convalescent Home* v. *Committee on State Payments to Hospitals,* 176 Conn. 82, 87, 405 A.2d 48 (1978) *(Loiselle, J.,* concurring). If the Supreme Court determined in *Ellis I* that a contract existed between Ellis and Modes, that determination was the law of the case upon a retrial, and was binding equally upon the parties and the trial court. See *Dacey* v. *Connecticut Bar Assn.,* 184 Conn. 21, 23, 441 A.2d 49 (1981).

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

[2] The Supreme Court concluded in *Ellis I* that Ellis demanded payment for his services on August 11, 1976. *First Hartford Realty Corporation* v. *Ellis,* 181 Conn. 25, 37, 434 A.2d 314 (1980).

In *Ellis I,* the Supreme Court stated: "To put . . . [Ellis] in the same position he would have been in had the contract for his services not been breached by Manchester Modes; *Lar-Rob Bus Corporation* v. *Fairfield,* [170 Conn. 397, 402, 365 A.2d 1086 (1976)]; at least until he was fired in December, 1975, he is entitled to the reasonable value of his services rendered in 1975 not to exceed $40,000." *First Hartford Realty Corporation* v. *Ellis,* supra, 37. The Supreme Court stated in the rescript: "[T]here is error on the counterclaim for the services rendered in 1975 in the case of *Manchester Modes, Inc.* v. *Sidney Ellis,* the judgment is set aside and a new trial is ordered to determine reasonable compensation for those services in accordance with this opinion." Id. Interpreting this mandate in light of the opinion; see id., 36–37; the conclusion is inescapable that *Ellis I* determined that a contract existed between Ellis and Modes, and that Modes breached that contract. That determination was binding upon the parties and on the trial court on remand.[3] The court was correct in concluding that Ellis was entitled to the contract price of $40,000. We need not discuss, therefore, the trial court's alternate finding.

Modes' final claim, that the trial court abused its discretion in awarding interest to Ellis, is without merit.[4] See *State* v. *Stengel,* 192 Conn. 484, 487, 472 A.2d 350 (1984).

There is no error.

---

[3] Modes also argues that had the Supreme Court, in *Ellis I,* concluded that a contract existed, it would have remanded the case with direction to render judgment for Ellis in accordance with the terms of the contract. We disagree. We read the rescript as providing for the possibility that Ellis did not perform services for the full calendar year of 1975. The trial court here found that he did, and that finding is not challenged on this appeal.

[4] Concerning Modes' claim, made only at oral argument, that interest was improperly awarded here because the remand in *Ellis I* did not mention it, neither the trial court nor the Supreme Court in *Ellis I* had occasion to consider the question of interest, which is "an element of damages." *State* v. *Stengel,* 192 Conn. 484, 487, 472 A.2d 350 (1984). Thus, there is no basis whatsoever for this claim.