CONNECTICUT SAVINGS BANK *v.* JOHN P. HOWES,
EXECUTOR (ESTATE OF LILLIAN H. HOWES), ET AL.
(4500)

BORDEN, DALY and BIELUCH, Js.

Argued October 17, 1986—decision released January 13, 1987

*Kevin E. Booth,* with whom, on the brief, was *Michael McKenna,* for the appellant (defendant).

*Richard J. Beatty,* with whom, on the brief, was *Ann Marie Johnson,* for the appellee (plaintiff).

PER CURIAM. In this appeal, the defendant[1] claims that the trial court erred in finding that it lacked jurisdiction to open a judgment rendered approximately two and one-half years earlier. The judgment had approved the committee sale of the defendant's property at public auction to the plaintiff made pursuant to an earlier judgment of foreclosure. The defendant had appealed to the Supreme Court from the approval of the committee sale and allowance of fees and expenses. That

[1] The defendant, John P. Howes, also known as John Peele Howes, was sued in three capacities: (1) as executor of the will of Lillian H. Howes; (2) as trustee under Article Third of said will; and (3) individually. As used in this opinion, the term defendant refers to John P. Howes in all three capacities.

appeal was dismissed by the Supreme Court, suo motu, for failure of the defendant to pursue the appeal with proper diligence. Practice Book § 3109 (now § 4055).

Thereafter, the defendant filed a motion to open the trial court judgment previously appealed.[2] The motion was denied for lack of jurisdiction; see General Statutes § 52-212a; Practice Book § 326; and the defendant filed the present appeal.

After this appeal was taken, the plaintiff filed a motion with the trial court seeking to terminate the automatic stay pending appeal. See Practice Book § 3065 (now § 4046). The trial court granted this motion, finding that the appeal was brought solely for the purpose of delay. The defendant sought review of the trial court's termination of the stay. See Practice Book § 3067 (now § 4049). This court granted review of the trial court's action, but upheld its termination of the stay of proceedings. With the stay of execution now lifted, the committee transferred title of the foreclosed property to the plaintiff.

"When a sale has been made pursuant to a judgment therefor and ratified by the court, a conveyance of the property sold shall be executed by the person appointed to make the sale, which conveyance shall vest in the purchaser the same estate that would have vested in the mortgagee or lienholder if the mortgage or lien had been foreclosed by strict foreclosure, and to this extent such conveyance shall be valid against all parties to the cause and their privies . . . ." General Statutes § 49-26. Since absolute title has passed to the plaintiff, the remedy which the defendant seeks by appeal is no

---

[2] We note that the defendant is obliquely attempting to revive an appeal that has succumbed by his failure to pursue the appeal with proper diligence. See *Connecticut Savings Bank* v. *Heghmann,* 193 Conn. 157, 159-60, 474 A.2d 790, cert. denied, 469 U.S. 883, 105 S. Ct. 252, 83 L. Ed. 2d 189 (1984).

longer available. There is no practical relief which this court could grant to the defendant. The appeal is, therefore, moot. See *Connecticut Foundry Co.* v. *Intl. Ladies Garment Workers Union,* 177 Conn. 17, 19, 411 A.2d 1 (1979); cf. *Schroeter* v. *Salvati,* 6 Conn. App. 622, 506 A.2d 1083 (1986).

The appeal is dismissed.