[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action by the plaintiff, Meadow Industrial Associates, a limited partnership, of Stamford, against the defendant, MPC Educational Systems, Inc., of New Haven, to collect the balance allegedly due on a promissory note executed by the defendant and payable to the plaintiff.
In a trial to the court, the following facts were elicited. On February 4, 1981, the plaintiff sold its building on Fulton Street in New Haven to the defendant for $205,000. The defendant executed a purchase money promissory note and mortgage in the amount of $145,000. This note called for monthly payments of principal and interest of $1,546.33, calculated over a period of twenty years, with a balloon CT Page 3237 payment due after ten years, and with an interest rate of 11.50%. The note further provided that after five years of payments, the defendant, on six month's notice, could prepay the indebtedness without penalty.
In early 1987, the defendant decided to pay the note and after several letters and telephone calls, it was advised in a letter dated May 7, 1987, from an Arthur Smith, plaintiff's managing partner, that "[a]fter our receipt of the June payment, the balance due on the mortgage will be $101,512.57." On June 29, 1987, the defendant sent a treasurer's check to the plaintiff in that amount "in full payment of the balance due on mortgage." Thereafter the plaintiff returned the original note and mortgage to the defendant and released the mortgage, which had been recorded in the New Haven land records. On or about February 6, 1988, about seven months after the defendant's payment, the plaintiff was advised by its accountant that the correct balance due on the mortgage as of June, 1987, was not $101,512.57, but rather was $127,589.57, a difference of $26,077. Efforts by the plaintiff to collect this amount from the defendant were unsuccessful, and the plaintiff commenced this lawsuit.
The complaint as amended is in two counts. The first count claims that by refusing to pay the correct amount due after the error was discovered, the defendant is in default under the terms of the note. The second count claims that the defendant was unjustly enriched by having paid less than the amount actually due and owing. The defendant's answer contains two special defenses. The first claims an "accord and satisfaction" in that the plaintiff "knowingly and voluntarily accepted defendant's payment." The second special defense contends that there was no "mutual mistake" and that any "mistake" was made only by the plaintiff.
The issue in this case, as this court sees it, is whether the parties intended to compromise or discount the actual indebtedness as claimed by defendant, or whether, on the other hand, the plaintiff is correct that it made a mathematical error of which the defendant knowingly took advantage, and that the plaintiff is now owed the balance due on the note. After listening to the witnesses and reviewing the exhibits, it is concluded that the latter is the case, and that the plaintiff should prevail.
The defendant concedes that in an telephone call sometime in the fall of 1986, from its president, Herbert Friedlander, Arthur Smith declined a request to discount the note. The defendant is not able to point to any evidence that Smith changed his mind and agreed to a discount, other than Friedlander's statement to that effect. The most telling piece of evidence is the figure Smith sent to Friedlander which the defendant CT Page 3238 claims represents a discount. Since it is conceded that the correct amount of the remaining indebtedness in June, 1987, on the amortization schedules which each party used to record monthly payments, was $127,589.57, if a discount had been agreed upon, it would presumably have resulted in some figure like $100,000 or $115,000. Instead, the plaintiff notified the defendant that the amount due was $101,512.57, with no mention of a discount, which plaintiff had already previously refused to give to defendant. This amount happens to be the exact figure for the 136th payment on the amortization schedule. After examining Smith's amortization schedule, which consists of two parallel columns on each of two pages, I agree with his testimony that after reaching the end of the first column of figures, which are on the left side of the first page of the schedule, instead of going to the adjacent column on the same page to the right, he inadvertently folded the first page back and began checking off monthly payments on the first column on the second page. This column started with payment number 121, instead of payment number 61, which was the first figure on the right hand column of the first page. Thus, Smith skipped one whole column of figures that was located to the right on the first page. The purported balance of $101,512.57 corresponds exactly with payment number 136, whereas the defendant had only made 76 payments at that point, thus leaving a balance due of $127,589.57. I also agree that the plaintiff had no incentive to offer a discount as it was receiving 11.5% interest, and the note had only about five years to run.
I believe that Friedlander's testimony that Smith explicitly agreed to accept $101,512.57 as an "approximate" 20% discount on the indebtedness was contrived as a rationale to justify the payment of the lesser sum, and that the defendant knew or at the least should have known that Smith had sent an erroneous pay-off figure. Moreover, the lesser figure is not 80% of the correct figure, and there was no mention of discounts in Friedlander's several letters to the plaintiff on the subject of paying the note in question.
As to the defendant's claim of an accord and satisfaction, this doctrine requires a dispute, and then a resolution of the dispute by the creditor's acceptance of a compromised amount. "When there is a good faith dispute about the existence of a debt or about the amount that is owed, the common law authorizes the debtor and the creditor to negotiate a contract of accord to settle the outstanding claim" Blake v. Blake. 211 Conn. 485, 491, 560 A.2d 396 (1989). As said in O P Realty v. Santana, 17 Conn. App. 314, 317, 551 A.2d 1287 (1989), ". . . a condition precedent to the making of a contract of accord and satisfaction is that there be a dispute as to the amount owed or an unliquidated claim. See also 1 Am.Jur.2d, Accord and Satisfaction 18, 26, 27." There never was CT Page 3239 a dispute about the amount due in this case, but rather there was an erroneous amount supplied by Smith as the correct pay-off figure.
Because of this court's conclusion that there never was an agreement, never a meeting of the minds, to pay and accept a lesser amount than that which was actually due, it follows that the defendant is obliged to pay the plaintiff the correct amount. First Hartford Realty Corp. v. Ellis, 181 Conn. 25, 33, 434 A.2d 314, appeal after remand, Manchester Modes, Inc. v. Ellis, 2 Conn. App. 261, 477 A.2d 164 (1980). "In order to prove that a contract has been modified, the party asserting the modification must show mutual assent to its meaning and conditions." Id., 33.
The balance due the plaintiff is therefore $26,077. The plaintiff also seeks interest, late fees, and costs of collection, including attorney's fees. I believe interest is due on the $26,077 from the date of payment of the erroneous sum, June 24, 1987, to the date of this judgment at 10%, General statutes 37-3a. This is calculated to be interest of $15,073.95. I disagree with plaintiff's claim for interest at 11.50%, late fees, costs of collection and attorney's fees, all as provided in the note in the event of a suit to collect the note or enforce the mortgage. I view this not as an action on the note as such, but rather as an action to collect an amount properly due the plaintiff had the correct pay-off figure been sent to the defendant.
Accordingly, judgment may enter for the plaintiff in the amount of $41,150.95, plus costs to be taxed by the clerk.
So Ordered.
Dated at Stamford, Connecticut, this 5th day of April, 1993.
William B. Lewis, Judge