CONNECTICUT NATIONAL BANK *v.* ROBERT
ZUCKERMAN ET AL.
(12086)

DUPONT, C. J., DALY, O'CONNELL, FOTI and FREEDMAN, Js.

Considered March 17—decision released April 23, 1993

*Ann R. Stravelle-Schmidt,* in support of the motion.

*Philip Matthew Hart,* in opposition to the motion.

DUPONT, C. J. The plaintiff in this foreclosure appeal
has filed a motion to dismiss the appeal on the ground
that the appeal was filed solely for purposes of delay.
Because we agree with the plaintiff that the filing of
the appeal was nothing more than a dilatory tactic, the
motion to dismiss is granted.

This matter was previously before this court on an appeal from the denial of a motion to open a judgment of strict foreclosure. *Connecticut National Bank* v. *Zuckerman,* 29 Conn. App. 541, 616 A.2d 814 (1992). The defendants[1] did not appeal from the judgment of strict foreclosure, made no prior motion for judgment of foreclosure by sale and claimed no defenses prior to the judgment of strict foreclosure. We affirmed the denial of the motion to open the judgment and remanded the matter "for the purpose of setting new law days." Id., 546. In response to our decision, the plaintiff filed a motion to modify the judgment for the limited purpose of setting new law days. The defendants then made a motion to the trial court to modify the judgment of strict foreclosure, seeking a foreclosure by sale instead. After a hearing, the trial court denied the defendants' motion and granted the plaintiff's motion. The court set the new law days to commence on February 8, 1993. It is from that judgment that the defendants have appealed.

In their appeal, the defendants challenge the trial court's compliance with the mandate of this court to set new law days. They claim that the court had an option to deviate from our direction and, instead, order foreclosure by sale. It is well settled that on a remand from an appellate court, a trial court cannot deviate from the directions given by the appellate court. *Martone* v. *Lensink,* 215 Conn. 49, 574 A.2d 803 (1990); *West Haven Sound Development Corporation* v. *West Haven,* 207 Conn. 308, 541 A.2d 858 (1988); *Hartford National Bank & Trust Co.* v. *Tucker,* 195 Conn. 218, 487 A.2d 528, cert. denied, 474 U.S. 845, 106 S. Ct. 135, 88 L. Ed. 2d 111 (1985); *Bruno* v. *Civil Service Commission,* 192 Conn. 335, 472 A.2d 328 (1984); *Wendland* v. *Ridgefield Construction Services, Inc.,* 190

[1] The named defendant and the defendant Kim Zuckerman are the only defendants involved in this appeal. We refer to them as the defendants.

Conn. 791, 462 A.2d 1043 (1983); *State* v. *Avcollie,* 188 Conn. 626, 453 A.2d 418 (1982), cert. denied, 461 U.S. 928, 103 S. Ct. 2088, 77 L. Ed. 2d 299 (1983); *Gary Excavating Co.* v. *North Haven,* 163 Conn. 428, 311 A.2d 90 (1972); *State Bar Assn.* v. *Connecticut Bank & Trust Co.,* 146 Conn. 556, 153 A.2d 453 (1959); *Humphrey* v. *Gerard,* 84 Conn. 216, 79 A. 57 (1911); *Leabo* v. *Leninski,* 9 Conn. App. 299, 518 A.2d 667 (1986), cert. denied, 202 Conn. 806, 520 A.2d 1286 (1987); *Manchester Modes, Inc.* v. *Ellis,* 2 Conn. App. 261, 477 A.2d 164 (1984). Moreover, "[n]o judgment other than that directed or permitted by the reviewing court may be rendered, even though it may be one that the appellate court might have directed." *Nowell* v. *Nowell,* 163 Conn. 116, 121, 302 A.2d 260 (1972). This case law is so well known and has existed for so long that the conclusion that the appeal was taken for the purpose of delay is inescapable. It is hard to imagine a good faith argument that could be made on the merits of this appeal. See *Texaco, Inc.* v. *Golart,* 206 Conn. 454, 464, 538 A.2d 1017 (1988).

Since the trial court in this case could not have taken any action on remand other than to set new law days, an appeal challenging the trial court's refusal to act beyond the scope of our remand by ordering a foreclosure by sale amounts to a purely dilatory tactic on the part of the defendants.

The plaintiff's motion to dismiss the appeal is, therefore, granted and the case is remanded to the trial court for the purpose of setting new law days.

In this opinion the other judges concurred.