TOWN OF WILTON v. JAMES P. McGOVERN ET AL.
(12643)

DUPONT, C. J., FOTI, FREEDMAN and SCHALLER, JS.

Considered November 23, 1993—decision released February 1, 1994

*James P. McGovern,* pro se, the appellant (named defendant), in opposition to the motion.

*George J. Markley,* in support of the motion, for the appellee (plaintiff).

PER CURIAM. The plaintiff in this foreclosure action, the town of Wilton, filed a motion to dismiss the appeal. The plaintiff raises several grounds for dismissal, including the argument that the appeal was filed only for delay and is, therefore, frivolous. Because we agree with the plaintiff that the defendants' appeal was taken only for the purpose of delay, we do not need to address the other grounds raised by the plaintiff.

This matter was previously before this court in a prior appeal. After the final judgment of foreclosure by sale was rendered on June 10, 1991, the pro se defendants, James McGovern and Susan McGovern, took no action during the twenty day appeal period allowed under Practice Book § 4009[1] to preserve their right to appeal from the judgment of foreclosure. Specifically, they did not file a motion for an extension of time in the trial court pursuant to Practice Book § 4040[2] or an appeal.

---

[1] Practice Book § 4009 provides in relevant part: "TIME TO APPEAL

"The party appealing shall, within twenty days . . . from the issuance of notice of the rendition of the judgment or decision from which the appeal is taken file an appeal . . . but if within the appeal period any motion is filed which, if granted, would render the judgment or decision ineffective, as, for example, a motion to open the judgment . . . the period of time for filing an appeal shall commence from the issuance of notice of the decision upon the motion . . . ."

[2] Practice Book § 4040 provides in pertinent part: "EXTENSION OF TIME

"(a) If an appeal has not yet been filed, the judge who tried the case may, for good cause shown, extend the time provided for filing the appeal . . . .

"(c) . . . (4) A motion for extension of time shall be filed at least ten days before the expiration of the time limit sought to be extended . . . ."

They also failed to file a motion to open the judgment during the appeal period, the filing of which would have extended the appeal period. See *Farmers & Mechanics Savings Bank* v. *Sullivan,* 216 Conn. 341, 579 A.2d 1054 (1990). As a result, the judgment of foreclosure by sale and any issues related thereto were no longer appealable once the appeal period elapsed. The defendants did, however, file a motion to set aside or open the judgment twenty-three days after entry of the final judgment. That motion to open was filed within the four month period provided by Practice Book § 326,[3] and an appeal from the denial of the motion to open is ordinarily allowed under *Farmers & Mechanics Savings Bank* v. *Sullivan,* supra, 356, provided the appeal is timely filed. Even though their appeal from the denial of their motion to open or set aside was timely filed within twenty days of the decision denying their motion, the defendants' appeal raised fifty-nine issues, none of which related to the denial of the motion to open or set aside. Therefore, this court granted the plaintiff's motion to dismiss the appeal on the basis that the appeal was in substance a late appeal from the judgment of foreclosure by sale, instead of an appeal from the denial of the defendants' motion to open the judgment.

Since the sale date passed during the pendency of the original appeal, the plaintiff, after dismissal of that appeal, moved on November 27, 1992, to open the judgment to set a new sale date. The trial court granted the motion on January 11, 1993, and set a sale date of July 24, 1993. On January 28, 1993, the defendants filed another motion to open the judgment raising

---

[3] Practice Book § 326 provides in relevant part: "SETTING ASIDE OR OPENING JUDGMENTS

"[A]ny civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the date on which it was rendered or passed. . . ."

essentially the same claims that they had previously attempted to raise. That motion was denied on June 14, 1993. On July 6, 1993, the defendants filed a second appeal.

The defendants indicate that they are currently appealing from "denials of motions for appointment of an impartial judge and to transfer; denial of motions to recuse; denial of motion to set aside decision granting motion for new sale date." With the exception of the motion to set aside,[4] these motions were filed and decided before the final judgment of foreclosure by sale was rendered in 1991 and were issues raised in the prior appeal.

The preliminary statement of issues filed by the pro se defendants in the current appeal lists fourteen issues, which are essentially identical to the issues raised in the previous appeal filed in 1991. The plaintiff contends that the defendants already had an opportunity to appeal from the foreclosure judgment and to raise all of the issues presented in their current appeal. According to the plaintiff, the defendants "should not be permitted to now forestall the efficacy of the court's judgment once again by engaging in what is clearly a frivolous and meritless appeal."

This court has previously granted a motion to dismiss an appeal where the appeal was taken solely as a dilatory tactic. *Connecticut National Bank* v. *Zuckerman,* 31 Conn. App. 440, 624 A.2d 1163 (1993). We conclude that the defendants have similarly brought this appeal as a dilatory tactic, solely for the purpose of delaying the inevitable. A foreclosure judgment was entered against the defendants in June, 1991. The defendants failed to appeal from the judgment of fore-

[4] The trial court file indicates that the defendants used the terms "motion to open" and "motion to set aside" interchangeably with respect to their motion filed on January 28, 1993.

closure in a timely manner. Instead, they filed numerous postjudgment motions and two appeals based on arguments that should have been raised in a timely appeal from the judgment of foreclosure. Through such tactics, the defendants have successfully delayed the sale of the property, thus depriving the plaintiff of the judgment awarded to it in 1991, and forcing the plaintiff to expend funds in defense of the judgment. Under these circumstances, it is difficult "to imagine a good faith argument that could be made on the merits of this appeal." Id., 442, citing *Texaco, Inc.* v. *Golart,* 206 Conn. 454, 464, 538 A.2d 1017 (1988). "We will not elevate form over substance. The defendant[s'] sole purpose was delay." *Tolland Bank* v. *Larson,* 28 Conn. App. 332, 337, 610 A.2d 720 (1992).

The final judgment of foreclosure by sale was rendered in 1991 and the defendants failed to file a timely appeal from that judgment. The defendants' filing of this appeal, which is substantially identical to an appeal that was previously dismissed, amounts to a purely dilatory tactic.

The motion to dismiss the appeal is granted and the case is remanded for the purpose of setting a sale date.