## Citicorp Mortgage, Inc. *v.* James H. Hairston et al.
### (13173)

Dupont, C. J., Lavery, Landau and Schaller, Js.

Considered March 2—decision released April 12, 1994

*William K. Eisenman,* in support of the motion.

*Charles I. Miller,* in opposition to the motion.

Per Curiam. The plaintiff moves to dismiss the defendants' appeal from a judgment of strict foreclosure. The dispositive issues in this case are whether the appeal is moot, and whether the appeal is frivolous and taken solely for the purpose of delay.

The entry of judgment of strict foreclosure followed the defendants' failure to file a timely application for protection from foreclosure under General Statutes § 49-31d et seq. On appeal, the defendants challenge the adequacy of the notice provision of the statute. In its motion to dismiss, the plaintiff contends that even if the defendants were to prevail on appeal, they would not be eligible for relief in the trial court under § 49-31d et seq. and, as a result, the appeal is frivolous, as well as moot.

Whether the defendants would ultimately be granted relief under the statute is not the proper test for deter-

mining mootness of an appeal. The test, instead, is whether there is any practical relief this court can grant the appellant.

If this court decides the issues on appeal in favor of the defendants, the defendants will be permitted to submit an application for foreclosure protection pursuant to the provisions of § 49-31d et seq. Because there is some practical relief this court could grant the defendants, the appeal is not moot. See *Shays* v. *Local Grievance Committee,* 197 Conn. 566, 571, 499 A.2d 1158 (1985); see also *Amalgamated Transit Union* v. *Laidlaw Transit,* 33 Conn. App. 1, 5, 632 A.2d 713 (1993).

Furthermore, this appeal does not meet the standards for a frivolous appeal under *Texaco, Inc.* v. *Golart,* 206 Conn. 454, 464, 538 A.2d 1017 (1988), nor does it fall within the category of appeals taken only for delay as in *Wilton* v. *McGovern,* 33 Conn. App. 517, 636 A.2d 870 (1994), and *Connecticut National Bank* v. *Zuckerman,* 31 Conn. App. 440, 624 A.2d 1163 (1993).

The plaintiff's motion to dismiss is denied.