[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Mechanics Savings Bank argues that the Superior Court should terminate the automatic stay on the ground that the issues on appeal are not finally adjudicated in the Superior CT Page 5126 Court and therefore, not appealable at this juncture of the proceedings. Mechanics Savings Bank argues in the alternative that the Superior Court has the discretion to terminate the automatic stay if it finds that Colonial has filed the appeal solely for the purpose of delaying the foreclosure sale.
Colonial argues that pursuant to Practice Book § 4046, the filing of the appeal stayed the foreclosure proceedings, which includes any attempt to go forward with the sale date. Colonial also argues that the appeal from the judgment of foreclosure by sale is not frivolous because the hotel is worth more as a going concern than at a public auction for the real estate only.
"In all actions, except where otherwise provided by statute or other law, proceedings to enforce or carry out the judgment shall be automatically stayed until the final determination of the cause." Practice Book § 4046. Practice Book § 4046 applies to appeals from a judgment of foreclosure by sale. HartfordNational Bank Trust Co. v. Tucker, 181 Conn. 296, 298,435 A.2d 350, cert. denied 449 U.S. 956, 101 S.Ct. 363,66 L.Ed.2d 221 (1980) (citing Practice Book § 3065, now § 4046); see alsoCiticorp Mortgage, Inc. v. Burgos, 227 Conn. 116, 122, 629 A.2d (1993). "It is fundamental to the judicial process that a party's right to judicial review shall not be obliterated or undermined by the unauthorized exercise of jurisdiction by the court whose doings are, or may be, subject to review." (Footnote omitted.) Hartford National Bank Trust Co. v.Tucker, supra, 181 Conn. 298.
Practice Book § 4046 does not confer upon the Superior Court the power to determine Appellate Court jurisdiction, and therefore, it is not within the power of the trial court to decide whether the issues on appeal are interlocutory or final. See Id.
However, Practice Book § 4046 authorizes termination of the stay upon motion and a hearing by "the judge who tried the case [if the judge] is of the opinion that . . . the appeal is taken only for the delay or that the due administration of justice so requires." See Connecticut Savings Bank v. Howes, 9 Conn. App. 446,447, 519 A.2d 1216 (1987); also see Melillo v. Spiro, 187 Conn. 333,334 n. 2, 445 A.2d 921 (1982) (termination of stay of strict foreclosure proceedings).
A frivolous appeal is outlined in Texaco, Inc. v. Golart, CT Page 5127206 Conn. 454, 464, 538 A.2d 1017 (1988). Citicorp Mortgage,Inc. v. Hairston, 34 Conn. App. 138, 139, ___ A.2d ___ (1994). "`[T]he action is frivolous . . . if the client desires to have the action taken primarily for the purpose of harassing or maliciously injuring a person or if the lawyer is unable either to make a good faith argument on the merits of the action taken or to support the action taken by a good faith argument for an extension, modification or reversal of existing law.'" Texacov. Golart, supra, 206 Conn. 464. The issues raised on appeal do not meet this definition.
Furthermore, in Citicorp Mortgage, Inc. v. Hairston, supra, the appellate court cited Town of Wilton v. McGovern,33 Conn. App. 517, ___ A.2d ___ (1994) and Connecticut National Bank v.Zuckerman, 31 Conn. App. 440, 624 A.2d 1163 (1993) as examples where an appeal was taken solely for delay. In Wilton v.McGovern, supra, the Appellate Court dismissed a second appeal as dilatory where the issues raised were identical to those dismissed in the first appeal. In Connecticut National Bank v.Zuckerman, supra, the Appellate Court dismissed an appeal as dilatory where the issue on appeal was the trial court's refusal on remand to deviate from the direction of the Appellate Court. See also Hartford National Bank Trust Co. v. Tucker, 195 Conn. 218,225 n. 5, 487 A.2d 528, cert. denied 474 U.S. 845,106 S.Ct. 135, 88 L.Ed.2d 111 (1985) (after fifth appeal, Supreme Court suggests that the trial court may terminate a stay on subsequent appeals after remand); Connecticut Savings Bank v.Howes, supra, 9 Conn. App. 447 n. 2 (trial court properly terminated stay where defendant appealed the denial of a motion to open a judgment previously appealed).
While "the trial court may terminate an automatic stay of execution by our rules of practice . . . . even that decision is subject to review. . . ." Hartford National Bank Trust Co. v.Tucker, supra, 181 Conn. 298 n. 4. Although the court has the power to terminate the stay, the present case is not comparable to the aforementioned cases involving delay as this is the first appeal and the issues on appeal involve whether the trial court abused its discretion in determining the sale day. Therefore, the motion to terminate the stay is denied.
SYLVESTER, J. CT Page 5128