[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (FILE #136)
Plaintiff Lockwood brought this action for wrongful discharge from employment in violation of public policy(Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471 (1980)), against two corporate defendants, Professional Wheelchair Transportation, Inc., and Professional Ambulance Services, Inc.[1] The case was tried to a jury and, at the close of the evidence, the court denied plaintiff's request for a directed verdict against both defendants, and granted defendants' motions for directed verdicts in their favor. On appeal by the plaintiff, the Appellate Court reversed the decision of the trial court and ordered the matter remanded for a new trial. Lockwood v. Professional Wheelchair Transportation,Inc., et al, 37 Conn. App. 85 (1995), cert. denied, ___ Conn. ___ (4/17/95).
The opinion of the Appellate court contains the following language:
 "Although we agree that liability was conclusively established on the part of Professional Ambulance, a directed verdict would not be appropriate in this case . . . Instead, the trial court should have directed the jury to find for Lockwood on the issue of liability . . . The trial court should have directed the jury to find for Lockwood as to liability, and proceed to damages."
 37 Conn. App. at 97-98. CT Page 10359
Plaintiff has moved for summary judgment as to liability, against Professional Ambulance only, based on the statements of the Appellate Court that the trial court should have directed the jury to find liability on the part of Professional Ambulance and to proceed directly, as to that defendant, to determine damages recoverable by plaintiff.
"The [purpose] of a motion for summary judgment is not to test the legal sufficiency of the complaint, but is to test for the presence of contested factual issues." Bark v.Avitabile, 32 Conn. App. 765, 772, 630 A.2d 624 (1993). Summary judgment is a method of resolving litigation when the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.Water and Way Properties v. Colt Mfg. Co., 203 Conn. 660, 664646 A.2d 143 (1994); Lees v. Middlesex Ins. Co., 219 Conn. 644,650, 659 A.2d 925 (1991). The test for granting of a summary judgment motion is "`whether a party would be entitled to a directed verdict on the same facts.'" Connell v.Colwell, 214 Conn. 242, 247, 571 A.2d 116 (1980). Summary judgment "is an attempt to dispose of cases in a manner which is speedier and less expensive for all concerned than a full-dress trial." Orenstein v. Old Buckingham Corporation,205 Conn. 572, 574, 534 A.2d 1172 (1987). The party seeking summary judgment "`has the burden of showing the absence of any genuine issue as to all material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law.'" Suarez v. Dickmont PlasticCorp., 229 Conn. 99, 105, 639 A.2d 507 (1994).
It is plaintiff's position that since the Appellate Court held the trial court should have directed the Jury to find for plaintiff on liability as to Professional Ambulance, summary judgment is now appropriate. Plaintiff maintains he is entitled to judgment as to the liability of Professional Ambulance because the Appellate Court ruled that the undisputed evidence at trial established the actions of Professional Ambulance as violative of public policy, and such evidence was, and is now, conclusive as to liability. Defendant, on the other hand, argues that the Appellate court, by remanding the case with the order that the judgment be reversed and a new trial held, did not direct any verdict. Professional Ambulance also asserts that re-litigation of the CT Page 10360 facts alleged is required since plaintiff has requested punitive damages and would be entitled to such damages only upon presentation of proof that defendant acted maliciously, in bad faith, and with reckless indifference to plaintiff's rights.
In support of this motion for summary judgment, plaintiff has submitted a memorandum of law and a copy of the Appellate Court decision; he relies on the above quoted language from that opinion. Defendant Professional Ambulance has filed an opposing memorandum of law. Prac. Bk. Section 380 provides that a motion for summary judgment "shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like"; the rules further provide that the adverse party may file opposing affidavits and other available documentary evidence. Prac. Bk. Section 385 states that a "summary judgment, interlocutory in character, may be rendered on the issue of liability alone, although there is a genuine issue as to damages," and, in such instance, "the court shall order an immediate hearing . . . before the court, or before a jury, whichever may be proper, to determine the amount of damages."[2] In ruling on a motion for summary judgment, the court is to view any evidentiary material or submissions in the light most favorable to the non-moving party. Scrapchansky v. Plainfield, 226 Conn. 446,450, 627 A.2d 1329 (1993); Connell v. Colwell, supra at p. 246-7.
The Appellate Court opinion indicates that the trial court accepted certain facts as established by the evidence in ruling on Professional Ambulance's motion for a directed verdict. The Appellate Court opinion states:
 "At trial, the evidence was disputed as to whether Lockwood took a leave of absence or quit his job when he left in late September or early October 1988. Viewing the evidence either way, Professional Ambulance conditioned Lockwood's employment on payment of the sum of money that the Small Claims Court had determined he did not owe.
 ". . . the evidence was uncontradicted that Kagan told him he would not be allowed to return to work because he refused to pay the money. Viewing all CT Page 10361 of the evidence and inferences therefrom in favor of the nonmoving party, it is clear that Professional Ambulance refused to hire Lockwood because he declined to pay money he did not owe." The refusal to hire an employee for that reason would violate public policy as expressed in Sec. 31-73."[3]
The Appellate Court concluded:
 "The evidence presented on the issue of liability was conclusive. All that remained was the issue of damages. The trial court should have directed the jury to find for Lockwood as to liability, and proceed to determine damages.
It is certainly clear that in reversing the lower court's granting of a directed verdict in Professional Ambulance's favor, the Appellate court viewed the evidence adduced at trial as clearly establishing liability on the part of that corporation. However, upon reversal, the case was "remanded for a new trial." "It is well settled that on a remand from the Appellate court, the trial court cannot deviate from the directions given by the appellate court." ConnecticutNational Bank v. Zuckerman, 31 Conn. App. 440, 441,626 A.2d 750 (1993). "When a case is remanded for a rehearing, the trial court's jurisdiction and duties are limited to the scope of the order . . . The trial court should not deviate from the directive of the remand." Leabo v. Leninski, 9 Conn. App. 299,301, 518 A.2d 667 (1986).[4] The Appellate Court's reversal, and its statement as to the manner in which the trial court should have proceeded, was predicated on certain evidence appearing in the record of that trial. In reversing the directed verdict for the co-defendant, Professional Wheelchair, the Appellate Court did not use the same language which is now relied upon by plaintiff in requesting summary judgment against Professional Ambulance; thus, if the claim is pursued against Professional Wheelchair, a new trial as to the co-defendant will be required. And, as defendant argues, plaintiff's claim for punitive damages necessarily requires consideration of the factual circumstances of, and surrounding, the alleged acts of each of the corporate defendants. Recovery of punitive damages is premised on evidence revealing a reckless indifference to the rights of the plaintiff and the intentional and wanton violation of those rights. See: e.g. Venturi v. Savitt, Inc., 191 Conn. 585, CT Page 10362 592 (1983). Notwithstanding the language used by the Appellate court in reversing the trial court's granting of directed verdicts in favor of both defendants, this court cannot deviate from the precise terms of the remand order ("case is remanded for a new trial").[5]
Plaintiff's motion for summary judgment on liability as to Professional Ambulance is hereby denied.
Mulcahy, J.