MARINE MIDLAND BANK *v.* PATRICK AHERN ET AL.
(AC 18041)

O'Connell, C. J., and Hennessy and Stoughton, Js.

Argued September 22, 1998—officially released February 16, 1999

*John F. Carberry,* for the appellants (defendants).

*Thomas G. Wolff,* for the appellee (plaintiff).

*Opinion*

HENNESSY, J. This appeal arises from an action brought by the plaintiff, Marine Midland Bank (bank), to foreclose a judgment lien that it recorded on a condominium owned by the defendants, Patrick Ahern and Maureen Ahern. The defendants claim that the trial court improperly (1) entered an order on January 20, 1998, that rescheduled the law day to occur less than twenty days after the January 5, 1998 order and (2) entered an order on January 5, 1998, that, as a condition of the trial court's granting of the motion to open, improperly required that "Ahern & Partners shall not transfer any moneys to any other parties even in the course of regular business."

The following facts and procedural history are relevant to this appeal. The bank obtained a judgment against the defendants in the amount of $976,994.42. Subsequently, the bank recorded a certificate of judgment lien on a condominium in Greenwich owned by the defendants. By a complaint dated August 28, 1995,

the bank commenced an action to foreclose the judgment lien on the defendants' property.

After the defendants were defaulted for failure to disclose a defense, the trial court, *D'Andrea, J.*, granted the bank's motion for judgment of strict foreclosure on July 24, 1997. The trial court set the law day as October 7, 1997.

On October 3, 1997, the defendants filed a motion to open the judgment. In support of their motion, the defendants argued that they "expect to be in a position shortly to make a proposal to [the] plaintiff for satisfaction of the plaintiff's judgment. This process has been delayed by the fact that [the] defendants must also quantify and settle certain claims for taxes by the Internal Revenue Service . . . . As a sign of good faith, [the] defendants . . . will tender $75,000 to [the plaintiff]." On October 6, 1997, the trial court, *Hickey, J.*, granted the defendants' motion "provided $75,000 is paid to the plaintiff or plaintiff's attorney on October 7, 1997, by 5 p.m." The trial court set the new law day as November 7, 1997. The defendants paid the $75,000 as ordered by the trial court.

On October 30, 1997, the defendants filed a second motion to open the judgment. In support of their motion, the defendants made the same argument and again offered to tender $75,000 to the bank as a sign of good faith. On November 3, 1997, the trial court, *Hickey, J.*, granted the defendants' second motion to open.[1] The defendants paid the bank $75,000 shortly thereafter.

On December 31, 1997, the defendants filed a third motion to open the judgment. In support of their motion,

---

[1] The bank claims that the trial court conditionally granted the defendants' motion to open and set a new law day of January 5, 1998. The trial court order in the record indicates that the order was granted on November 3, 1998. The order does not indicate, however, that the motion was granted with conditions and it does not indicate a new law day.

the defendants again argued that they "expect to be in a position during the first quarter of 1998 to make a proposal to [the] plaintiff for satisfaction of the plaintiff's judgment. This process has been delayed by the fact that [the] defendants must also quantify and settle certain claims for taxes by the Internal Revenue Service. . . ." The defendants again offered to make a $75,000 payment to the bank as a sign of good faith. The trial court, *Hickey, J.*, heard the defendants' motion to open on January 5, 1998. After hearing arguments from both parties, the trial court ordered, as a condition to its granting of the defendants' motion to open, that "Ahern & Partners shall not transfer any moneys to any other parties even in the course of regular business." In addition, the trial court ordered the defendants to pay $100,000 to the bank by January 7, 1998, and to produce records. The trial court set the new law day as February 3, 1998.

The defendants failed to pay the $100,000 to the bank as ordered. Thereafter, on January 20, 1998, the bank moved to amend the law day due to the defendants' failure to make the $100,000 payment as ordered by the trial court. The trial court granted the bank's motion and set January 23, 1998, as the new law day.

On January 22, 1998, one day before the running of the law day, the defendants appealed from the trial court's January 5 and January 20, 1998 orders. Other facts will be discussed where relevant to the issues in the case.

I

The defendants first claim that the trial court improperly entered an order on January 20, 1998, that amended the law day "so that [the law day] commenced to run less than twenty days after the January 5, 1998 order." The defendants argue that, under Practice Book § 4009 (a), now § 63-1, they were entitled to twenty days to

file an appeal from the commencement of the appeal period. The defendants further argue that the trial court set January 23, 1998, as the new law day, which is not twenty days from either the January 5 or January 20, 1998 order.

The bank responds that because the defendant filed this appeal one day prior to the running of the law day, which stayed the running of the law day, there is no practical relief that this court can grant, and, therefore, this argument is moot. We agree with the bank.

" 'Mootness implicates the subject matter jurisdiction of this court.' *Sadlowski* v. *Manchester*, 206 Conn. 579, 583, 538 A.2d 1052 (1988)." *Gagnon* v. *Planning Commission*, 24 Conn. App. 413, 415, 588 A.2d 1385 (1991), aff'd, 222 Conn. 294, 608 A.2d 1181 (1992). "The test for determining mootness of an [issue on] appeal is whether there is any practical relief this court can grant the appellant. *Citicorp Mortgage, Inc.* v. *Hairston*, 34 Conn. App. 138, 139, 640 A.2d 146 (1994). [I]t is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . If no practical relief can be afforded to the parties, the appeal must be dismissed. . . . *Gagnon* v. *Planning Commission*, [supra, 415–16]." (Internal quotation marks omitted.) *ALCA Construction Co.* v. *Waterbury Housing Authority*, 49 Conn. App. 78, 81, 713 A.2d 886 (1998).

When the trial court set the law day to run on January 23, 1998, it did not give the defendants twenty days to appeal as required by Practice Book § 63-1.[2] The

---

[2] Practice Book § 63-1 provides in relevant part: "Except where a different time is provided by statute, a party shall have twenty days from the commencement of the appeal period . . . to file an appeal . . . .

"Unless otherwise provided in these rules, the appeal period shall commence on the date notice of the judgment or decision is given. . . ."

defendants, however, filed their appeal on January 22, 1998, one day before the running of the law day. They cannot, therefore, claim that they were aggrieved by the court's failure to allow twenty days for them to appeal. Furthermore, the timely filing of the appeal activated the automatic stay under Practice Book § 61-11.[3] This had the effect of staying the running of the law day, and a new law day will have to be set after this appeal in any event.[4] See *Farmers & Mechanics Savings Bank* v. *Sullivan*, 216 Conn. 341, 346–47, 579 A.2d 1054 (1990); *Zinman* v. *Maislen*, 89 Conn. 413, 416, 94 A. 285 (1915). Therefore, there is no practical relief that this court can grant to the defendants. Accordingly, we dismiss this claim as moot.

## II

The defendants next argue that the trial court improperly entered an order on January 5, 1998, that enjoined Ahern & Partners, a nonparty, from transferring "any moneys to any other parties even in the course of regular business." Specifically, the defendants argue that the "trial court's order fundamentally offends principles of due process of law" because Ahern & Partners has never been a party to the foreclosure proceedings.

The following additional facts are necessary to the resolution of this issue. Ahern & Partners is a general partnership, which is comprised of two corporate gen-

---

[3] Practice Book § 61-11 provides in relevant part: "In all actions, except where otherwise provided by statute or other law, proceedings to enforce or carry out the judgment shall be automatically stayed until the time to take an appeal has expired; if an appeal is filed, such proceedings shall be stayed until the final determination of the cause; and, if the case goes to judgment on appeal, until ten days after the decision is officially released . . . but if the judge who tried the case is of the opinion . . . that an extension to appeal is sought, or the appeal is taken, only for delay, or . . . that the due administration of justice so requires, the judge may at any time, upon motion and hearing, order that the stay be terminated. . . ."

[4] The bank did not file a motion to terminate the automatic stay pursuant to § 61-11.

eral partners. One of the corporate general partners is Harp Enterprises, Inc. Patrick Ahern and Maureen Ahern, the defendants, own all of the stock in Harp Enterprises, Inc. The other corporate general partner of Ahern & Partners is a corporation owned by Robert Wilcox and members of his family.

At the January 5, 1998 hearing on the foreclosure action, the bank argued that Ahern & Partners had assets as the result of having received a payment of $3.65 million as a fee for services rendered in a bankruptcy proceeding. The bank stated to the trial court that it was concerned about the "dissipation of this money." The bank indicated that "already 2.4 million dollars has been paid to the other general partner, although the other general partner owns 50 percent [of Ahern & Partners]."

The defendants argue that "Ahern & Partners owes no debt to the plaintiff, was not represented in court on January 5, 1998, and was given no notice that its rights might be affected by the proceedings herein." The defendants further argue that the "United States Constitution requires that any person be afforded due process of law before its interests in property may be affected." The defendants appear to be arguing on behalf of Ahern & Partners. Ahern & Partners, however, is not a party to this action.[5] This claim raises the issue of whether the defendants are the appropriate parties to raise a due process claim on behalf of Ahern & Partners in an action against the defendants in their individual capacity.

Review by way of appeal is governed in general by General Statutes § 52-263, which provides in relevant part: "Upon the trial of all matters of fact in any cause or action in the Superior Court . . . if *either party is aggrieved* by the decision of the court or judge . . .

---

[5] The defendants did not raise plain error on appeal.

he may appeal to the court having jurisdiction from the final judgment of the court . . . ." (Emphasis added.) Further, Practice Book § 61-1 provides: "An *aggrieved party* may appeal from a final judgment, except as otherwise provided by law." (Emphasis added.) Aggrievement, in essence, is appellate standing. See *Beckish* v. *Manafort*, 175 Conn. 415, 419, 399 A.2d 1274 (1978) (question of aggrievement essentially one of standing and unless plaintiff aggrieved by decision she had no standing to appeal). Where a party lacks standing to appeal, the court is without subject matter jurisdiction. *Jolly, Inc.* v. *Zoning Board of Appeals*, 237 Conn. 184, 192, 676 A.2d 831 (1996). "A possible absence of subject matter jurisdiction must be addressed and decided whenever the issue is raised. . . . [W]henever a lack of jurisdiction to entertain a particular proceeding comes to a court's notice, the court can dismiss the proceeding upon its own motion." (Internal quotation marks omitted.) Id., 192–93.

While the defendants are parties in the foreclosure action against them as individuals, they do not claim that they, as individuals, were deprived of due process.[6] In addition, while Ahern & Partners may have been deprived of due process, it is not a party in the foreclosure action.[7] The order in this case enjoined Ahern &

[6] The defendants' attorney stated in oral argument that he was arguing on behalf of the defendants as individuals because of their interest in Ahern & Partners. The defendants want to have the best of both worlds. They argue that, for purposes of the January 5, 1998 hearing, they were separate and distinct from Ahern & Partners and, even though they had notice and knowledge during the hearing that the trial court intended to enjoin Ahern & Partners, the partnership did not have notice. They argue, however, for purposes of this appeal, that it is appropriate for them to argue a due process claim involving the partnership because they have an interest in Ahern & Partners.

[7] We have held that "where a nonparty is aggrieved by a ruling made in the context of an ongoing action, that person's remedy is by writ of error rather than appeal." *Kennedy* v. *QVC Network, Inc.*, 43 Conn. App. 851, 854, 686 A.2d 997 (1996).

Partners from transferring property owned by the partnership. "Property acquired by a partnership is property of the partnership and not of the partners individually." General Statutes § 34-315. In addition, "[a] partnership is an entity distinct from its partners." General Statutes § 34-313. A party, however, cannot raise the due process rights of another. *Lowe* v. *Lowe*, 47 Conn. App. 354, 364, 704 A.2d 236 (1997); *Taff* v. *Bettcher*, 35 Conn. App. 421, 425, 646 A.2d 875 (1994); cf. *Connecticut Building Wrecking Co.* v. *Carothers*, 218 Conn. 580, 588, 590 A.2d 447 (1991) (exception exists in rare cases where statute violates due process because it is so vague that it is impossible for anyone to obey). We conclude, therefore, that the defendants have no standing to raise this issue. Accordingly, we dismiss this claim.

The appeal is dismissed and the case is remanded for the purpose of setting new law days.

In this opinion the other judges concurred.