******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

SUSANNE P. WAHBA *v.* JPMORGAN
CHASE BANK, N.A.
(AC 45020)

Elgo, Moll and Suarez, Js.

*Syllabus*

The plaintiff appealed from the trial court's judgment of strict foreclosure in favor of the defendant bank, rendered on remand from this court. On the plaintiff's previous appeal, this court had affirmed a judgment of strict foreclosure rendered in favor of the defendant and remanded the case solely for the purpose of setting new law days. On remand, the defendant filed a motion to reset the law days. The plaintiff objected, contending that the original judgment of strict foreclosure was based on a 2017 appraisal that did not consider a steep rise in Connecticut property values that had occurred since the trial court had rendered judgment. The plaintiff argued that the defendant should be required to file a motion to open the judgment and submit an updated appraisal and updated debt figures to allow the trial court to determine whether strict foreclosure or foreclosure by sale was appropriate. The trial court rejected the plaintiff's argument, reasoning that it was bound by the rescript of this court in in the previous appeal, *Wahba* v. *JPMorgan Chase Bank, N.A.* (200 Conn. App. 852), to only set new law days. *Held* that the plaintiff could not prevail on her claim that the trial court, in rendering its subsequent judgment of strict foreclosure, erred in interpreting this court's remand order as prohibiting it from changing the nature of the judgment to a foreclosure by sale: the plaintiff's claim was foreclosed by *Connecticut National Bank* v. *Zuckerman* (31 Conn. App. 440), in which this court reasoned that, on remand from an appellate court, a trial court cannot deviate from the directions given by the appellate court; moreover, even if it is assumed that the trial court had the authority, following remand, to change the nature of the judgment to a foreclosure by sale, the plaintiff failed to file a motion to open the judgment for such purpose, nor did she preserve her claim by providing the trial court with an evidentiary foundation to support her argument, which amounted to little more than an unsupported statement of counsel.

Argued September 21—officially released October 25, 2022

*Procedural History*

Action to recover damages for violations of the Connecticut Unfair Trade Practices Act, and for other relief, brought to the Superior Court in the judicial district of Stamford-Norwalk, where the defendant filed a counterclaim seeking to foreclose a mortgage on certain real property owned by the plaintiff; thereafter, the plaintiff's claim was tried to the jury before *Povodator, J.*; verdict for the defendant; subsequently, the defendant's counterclaim was tried to the court, *Povodator, J.*; judgment for the defendant on the complaint and on the counterclaim, from which the plaintiff appealed to this court, *Lavine*, *Alvord* and *Harper, Js.*, which dismissed the appeal in part and remanded the case for the purpose of setting new law days; thereafter, the court, *Hon. Kenneth Povodator*, judge trial referee, rendered a judgment of strict foreclosure, from which the plaintiff appealed to this court. *Affirmed.*

*Thomas P. Willcutts*, for the appellant (plaintiff).

*Brian D. Rich*, with whom, on the brief, was *Anthony*

*E. Loney*, for the appellee (defendant).

*Opinion*

PER CURIAM. This case returns to us following our decision in *Wahba* v. *JPMorgan Chase Bank, N.A.*, 200 Conn. App. 852, 241 A.3d 706 (2020), cert. denied, 336 Conn. 909, 244 A.3d 562 (2021), in which this court, inter alia, affirmed a judgment of strict foreclosure rendered in favor of the defendant, JPMorgan Chase Bank, N.A., on its counterclaim seeking foreclosure, and remanded the case "solely for the purpose of setting new law days." Id., 869. The plaintiff, Susanne P. Wahba, now appeals from the trial court's subsequent judgment of strict foreclosure rendered, on remand, in favor of the defendant.[1] On appeal, the plaintiff claims that the court, in rendering the subsequent judgment of strict foreclosure, erred in interpreting this court's remand order as prohibiting it from changing the nature of the judgment to a foreclosure by sale. We affirm the judgment of the trial court.

The facts and procedural history leading up to *Wahba* are recited therein and need not be repeated here. See id., 855–57. On remand following *Wahba*, on August 13, 2021, the defendant filed a motion titled "motion to reset law days following appeal," seeking only the resetting of the law days. On August 26, 2021, the plaintiff filed an objection to the defendant's motion, contending, as is relevant to this appeal, that the original judgment of strict foreclosure was based on a 2017 appraisal that "does not take into account the steep rise in Connecticut property values that has occurred since the court determined to enter a judgment of strict foreclosure, rather than a foreclosure by sale. The steep rise in property values has been most dramatic for high-end shoreline properties, which describes the [plaintiff's] property at issue here." The plaintiff further argued that the defendant should be required to file a new motion to open the judgment and provide an updated appraisal and updated debt figures to allow the trial court to determine anew whether strict foreclosure was still the appropriate vehicle, instead of a foreclosure by sale. On August 30, 2021, the court granted the defendant's motion to reset the law days, setting new law days to commence on October 19, 2021. In so doing, the court cited *Rizzo Pool Co.* v. *Del Grosso*, 240 Conn. 58, 689 A.2d 1097 (1997), and reasoned that it was bound by the rescript in *Wahba* simply to set new law days.

On September 17, 2021, the plaintiff filed, without any exhibits, a motion to reargue the August 30, 2021 order, requesting for the first time that the court take judicial notice of a purported value assigned by the real estate website Zillow to the plaintiff's property, which the plaintiff claimed was more than two million dollars greater than the appraised value on which the trial court relied in rendering the original judgment of strict foreclosure. That same day, the court denied the plaintiff's motion to reargue. This appeal followed.[2]

As stated previously in this opinion, the plaintiff claims that the court, in rendering the subsequent judgment of strict foreclosure, erred in interpreting this court's remand order as prohibiting it from changing the judgment to a foreclosure by sale. We reject the plaintiff's claim for the following two independent reasons.

First, the plaintiff's claim is foreclosed by *Connecticut National Bank* v. *Zuckerman*, 31 Conn. App. 440, 441, 624 A.2d 1163 (1993),[3] which addressed the question of whether, on remand from a decision by this court affirming a judgment of strict foreclosure and remanding the case for the purpose of setting new law days, a trial court may entertain a motion to open the judgment for the purpose of ordering a foreclosure by sale instead of a strict foreclosure. In *Zuckerman*, this court rejected the defendants' claim that "the [trial] court [on remand] had an option to deviate from our direction and, instead, order foreclosure by sale." Id. This court reasoned that "[i]t is well settled that on a remand from an appellate court, a trial court cannot deviate from the directions given by the appellate court." Id.; see also id., 441–42 (collecting cases). This court further stated that "the trial court . . . could not have taken any action on remand other than to set new law days . . . ." Id., 442.

Second, even assuming arguendo that the court had such post-remand authority to change the nature of a judgment of strict foreclosure to a foreclosure by sale, we reject the plaintiff's claim on appeal because the plaintiff did not file a motion to open the judgment for such purpose (creating a procedural posture akin to *Zuckerman*), nor did she preserve her claim on appeal by providing the trial court with an evidentiary foundation to support her argument, which amounted to little more than the ipse dixit of counsel, that a renewed judgment of strict foreclosure would result in a windfall of more than two million dollars to the defendant.

The judgment is affirmed and the case is remanded for the purpose of setting new law days.

[1] The defendant's counterclaim named several counterclaim defendants, none of whom is participating in this appeal. See *Wahba* v. *JPMorgan Chase Bank, N.A.*, supra, 200 Conn. App. 855 n.2.

[2] On November 8, 2021, the defendant filed a motion to terminate the appellate stay. On December 8, 2021, the trial court granted that motion. On January 25, 2022, this court granted the plaintiff's timely motion for review of termination of stay and granted the relief requested therein, thereby vacating the order terminating the stay.

[3] See *U.S. Bank National Assn.* v. *Rago*, 216 Conn. App.     ,     n.9,     A.3d     (2022) (recognizing that any revisiting of *Zuckerman* would require en banc consideration).