[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO COMPEL ARBITRATION (#101)
This matter comes before the court as the result of the plaintiff, Chianelli Construction Company (hereinafter "Chianelli"), seeking to compel the defendant, the Town of Durham (hereinafter the "Town"), to proceed with arbitration of a dispute arising out of a construction contract entered into between the parties on or about May 15, 1996.
Under the contract, Chianelli was obligated to perform additions and renovations to the Town library. Chianelli allegedly filed a claim with the architect for additional payment which is denied. In its motion, Chianelli alleges that the Town is obligated pursuant to the contract to arbitrate this dispute. The Town opposes the motion on the ground that the Supplemental Conditions of the contract unequivocally indicate the parties' intent on removing arbitration as a means of resolving disputes under the contract.
The contract in the present case consists of a standard American Institute of Architects agreement with General CT Page 9183 Conditions and Supplementary Conditions. See General Conditions § 1.1.1 ("Contract Documents consist of the Agreement between Owner and Contractor . . . [and] Conditions of the Contract (General, Supplementary and other Conditions)"). Significantly, in the Supplementary Conditions, the parties agreed to delete all references to "arbitration" in §§ 4.3.2 and 4.3.4 of the General Conditions. Section 4.3.2 now reads, with the omitted term in parentheses: "Claims, including those alleging an error or omission by the Architect, shall be referred initially to the Architect for action as provided in Paragraph 4.4. A decision by the Architect, as provided in Subparagraph 4.4.4, shall be required as a condition precedent (to arbitration) or litigation. . . . The decision by the Architect in response to a Claim shall not be a condition precedent (to arbitration) or litigation. . . ." Section 4.3.4 now reads, with the omitted term in parentheses: "Pending final resolution of a Claim (including arbitration). . . ."
In addition, the Supplemental Conditions deleted § 4.5 of the General Conditions, entitled ARBITRATION, in its entirety. Section 4.5 deals exclusively with arbitration, and contains nine subparagraphs specifying the conditions of arbitration.
Therefore, by virtue of the Supplemental Conditions, the only
provision through which this court could possibly compel the Town to submit to arbitration is § 4.4.4, which states in pertinent part: "If a Claim has not been resolved after consideration of the foregoing and of further evidence presented by the parties or requested by the Architect, the Architect will notify the parties in writing that the Architect's decision will be made within seven days, which decision shall be final and binding on the parties but subject to arbitration." (Emphasis added.)
Chianelli argues that the court must give effect to § 4.4.4 based on the express language of the Supplementary Conditions, which states: "Where any article, paragraph, or subparagraph in the General Conditions is amended, voided, or superseded by any of the following paragraphs, the provisions of such article, paragraph, or subparagraph not so amended, voided, or superseded are to remain in effect." Supplementary Conditions ¶ B. The Town argues that it was obviously an oversight that the reference in § 4.4.4 to arbitration was not deleted, and the parties' intent to remove arbitration as a dispute mechanism is manifested by the deletion of § 4.5 in its entirety. CT Page 9184
"[A]rbitration is a creature of contract." Stratford v.International Assn. of Firefighters, 248 Conn. 108, 121, ___ A.2d ___ (1999). "In determining whether a party is bound to arbitrate, the courts look at the language employed in the contract." Scintov. Sosin, 51 Conn. App. 222, 239, 721 A.2d 552, cert. denied,247 Conn. 963, 724 A.2d 1125 (1998). "Our statutes do not require any particular words or form to create an arbitration agreement. The intent of the parties that arbitration be the exclusive method for the settlement of disputes arising under the contract must be clearly manifested. This express intent by both parties to enter into the arbitration agreement is essential to its existence. . . . An agreement to arbitrate must be clear and direct and not depend on implication." (Internal quotation marks omitted.) Jacob v.Seaboard, Inc., 28 Conn. App. 270, 273, 610 A.2d 189 (1992). "An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." (Internal quotation marks omitted.) ALCA ConstructionCo. v. Waterbury Housing Authority, 49 Conn. App. 78, 82,713 A.2d 886 (1998).
"A contract is to be construed as a whole and all relevant provisions will be considered together." (Internal quotation marks omitted.) Scinto v. Sosin, supra, 51 Conn. App. 239. "The individual clauses of a contract . . . cannot be construed by taking them out of context and giving them an interpretation apart from the contract of which they are a part." Levine v.Advest, Inc., 244 Conn. 732, 753, 714 A.2d 649 (1998). "[W]here there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law." (Internal quotation marks omitted.) ALCAConstruction Co. v. Waterbury Housing Authority, supra,49 Conn. App. 86.
This court cannot read § 4.4.4 in isolation from the remainder of the contract. The contract as a whole does not "clearly manifest" the parties' intent to provide arbitration as a dispute mechanism. As the entire arbitration provision, § 4.5, was deleted, the reference in § 4.4.4 to "arbitration" is without substance. If this court were to construe § 4.4.4 as a "clear manifestation" of the parties' intent to provide for arbitration, the parties would be left without further guidance governing arbitration as those guidelines were set forth in § 4.5. CT Page 9185
Therefore, the court finds that the contract does not provide an agreement to arbitrate. Accordingly, the plaintiff's motion to compel arbitration is denied.
Martin, J.