[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (DOCKET ENTRY NO. 104)
Before the court is the defendant Housing Authority of the City of Bridgeport's motion to dismiss on the ground of the prior pending action doctrine. The complaint alleges the following facts. In March, 1981, the plaintiff, Isabel Otero, commenced employment with the defendant, the Housing Authority of the City of Bridgeport, as a maintenance foreperson. As a result of injuries that she sustained during the course of her employment, the plaintiff lost time from work for which she sought worker's compensation benefits. On or about September 13, 1996, the defendant terminated the plaintiff's employment. CT Page 4735
On September 17, 1999, the plaintiff filed a three-count complaint against the defendant asserting claims of wrongful discharge in violation of (1) General Statutes § 31-290a, (2) public policy and (3) the covenant of good faith and fair dealing.
Prior to the institution of the present action, the plaintiff commenced an action in this court against the named defendant, its director: and five of its employees. (See Defendant's Exhibit A.) The seven-count complaint asserted claims based upon the wrongful investigation and termination of the plaintiff in connection with the theft of the defendant's building supplies. The prior action was removed to the United States District Court for the District of Connecticut, where it is now pending.
On October 22, 1999, the defendant filed a motion to dismiss the plaintiff's action, with an appended memorandum of law. The plaintiff has submitted a memorandum of law in opposition thereto.
"It is well established that [i]n ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) Lawrence Brunoli, Inc. v. Branford, 247 Conn. 407, 410-11,722 A.2d 271 (1999).
The defendant moves to dismiss the plaintiff's action on the ground that there is a prior pending civil action that involves the same parties, subject matter and legal issues. The defendant argues that the plaintiff has previously filed a civil action in this court against it and several of its employees, alleging claims for wrongful termination in violation of state and federal constitutional and statutory rights, libel, slander as well as negligent and intentional infliction of emotional distress. Further, the defendant argues that the two actions are virtually alike and involve the same underlying rights. Thus, the defendant urges that the prior pending action doctrine, the purpose of which is to prevent the duplication of actions and the crowding of court dockets, applies and warrants dismissal of the present action.
The plaintiff, in opposition to the motion, argues that the CT Page 4736 prior pending action doctrine is inapplicable because the two actions are neither virtually alike nor pending in the same jurisdiction. Indeed, the plaintiff argues that the prior action is pending in federal court and is based upon the existence of a federal issue, namely, the defendants' violation of 42 U.S.C. § 1983. Moreover, since the prior pending action includes claims for libel and slander against the defendant's employees, who are not parties to the present action, the plaintiff asserts that the two actions do not involve the same parties.
The defendant replies that the prior pending action doctrine is implicated because the two actions were initiated in the same jurisdiction and seek the same relief on the basis of the same underlying facts.
"`It has long been the rule that when two separate lawsuits are "virtually alike" the second action is amenable to dismissal by the court." Beaudoin v. Town Oil Co., 207 Conn. 575, 583,542 A.2d 1124 (1988). "The prior pending action doctrine permits the court to dismiss a second case that raises issues currently pending before the court. The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is! at common law, good cause for abatement. It is so, because there cannot be any reason or necessity for bringing the second, and, therefore, it must be oppressive and vexatious. This is a rule of justice and equity, generally applicable, and always, where the two suits are virtually alike, and in the same jurisdiction." (Citations omitted; emphasis added; internal quotation marks omitted.) Cumberland Farms, Inc. v. Groton, 247 Conn. 196, 216, 719 A.2d 465 (1998). "The rule does not apply, however, when the two actions are for different purposes or ends or involve different issues . . . or where there is not a strict identity of the parties." (Citation omitted.) Conti v. Murphy, 23 Conn. App. 174, 178, 579 A.2d 576 (1990) "`[The court] must examine the pleadings to ascertain whether the actions are "virtually alike" `. . . and whether they are brought to adjudicate "the same underlying rights.'" (Citation omitted.) Cumberland Farms, Inc. v. Groton, supra, 247 Conn. 216. Moreover, to invoke the prior pending action doctrine "[t]he actions must be of the same character, for the same cause and relief, and in all respects identical, both actions must assert the same rights, demand the same relief, and be founded on the same facts, or the title or essential basis of the relief must be the same." 1 Am.Jur.2d 87, Abatement, Survival, and Revival § 27 (1994). CT Page 4737
"The prior pending action doctrine has evolved as `a rule of justice and equity' . . . and retains its vitality in this state in which "joinder of claims and of remedies is permissive rather than mandatory.'" (Citation omitted.) Beaudoin v. Town Oil Co., supra, 207 Conn. 583-84. "[The court has] explained the doctrine as follows: It is so, because there cannot be any reason or necessity for bringing the second [lawsuit], and, therefore, it must be oppressive and vexatious. . . . The rule forbidding the second action is not, however, one of unbending rigor, nor of universal application, nor a principle of absolute law . . . (Citation omitted; internal quotation marks omitted.) Id., 584. "[T]he rule permitting dismissal of an action because of a prior pending action does not apply when the two actions are for different purposes or ends, or where they involve different issues." (Internal quotation marks omitted.) ALCA Construction Co. v. Waterbury Housing Authority, 49 Conn. App. 78, 81,713 A.2d 886 (1998). "The policy behind the `prior pending action doctrine' is to prevent unnecessary litigation that places a burden on our state's already crowded court dockets." Beaudoin v. Town Oil Co., supra, 207 Conn. 588.
The prior pending action doctrine applies where two actions are virtually alike and pending in the same jurisdiction. See Cumberland Farms, Inc. v. Groton, supra, 247 Conn. 216. Here, because the prior action was removed from state court and is pending in federal court, the two actions are pending in different jurisdictions.[1] See Regional Refuse Disposal v. Colebrook, Superior Court, judicial district of Litchfield Docket No. 062299 (October 7, 1993, Pickett, J.) (where the court held that the prior pending action doctrine was inapplicable because the prior action was pending in federal court, a different jurisdiction). Moreover, because the allegations of the complaints in the two actions do not assert the same underlying rights and are not founded on the same facts, they are not virtually alike. See Cumberland Farms, Inc. v. Groton, supra, 247 Conn. 216. Therefore, since the two actions are not pending in the same jurisdiction, are not virtually alike and the parties are not identical, the present action is not amenable to dismissal based upon the prior pending action doctrine. See Beaudoin v. Town Oil Co., supra, 207 Conn. 584.
Accordingly, the defendants motion to dismiss is denied.
SKOLNICK, J. CT Page 4738