[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, Jon Grossman, moves this court for an order to stay the plaintiff's action and compel arbitration. In the complaint, the plaintiff alleges the following relevant facts. The plaintiff and defendant entered into a lease agreement dated July, 1998, whereby the plaintiff would lease the premises known as 400 Boston Post Road, Old Saybrook, CT Page 11083 Connecticut, from the defendant for the period from August 1, 1998 through July 31, 2000. Sometime in late-October or early-November, 1999, the defendant entered the premises and changed the locks, thereby barring plaintiff from re-entry. The plaintiff filed its four count complaint on December 14, 1999, sounding in violation of summary process; tortious interference with the plaintiff's franchise; conversion and theft of the plaintiff's personal property, records, parts and equipment; and violation of Connecticut's Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a.
On June 28, 2000, the defendant filed his motion to stay the plaintiff's action and to compel arbitration, pursuant to General Statutes § 52-409.[1] The defendant argues that all of the allegations in the plaintiff's complaint arise under the lease agreement and, therefore, are subject to the arbitration clause contained in the lease agreement.[2] In its objection to the defendant's motion to stay the action and to compel arbitration, the plaintiff argues that the allegations made in the complaint are not "dispute[s] arising under [the] lease," but are claims of tortious conduct and statutory violations by the defendant that have caused injury to the plaintiff's business and to the plaintiff's business property.
"This court has for many years wholeheartedly endorsed arbitration as an effective alternative method of settling disputes intended to avoid the formalities, delay, expense and vexation of ordinary litigation. . . ." (Citations omitted; internal quotation marks omitted.) Fink v.Golenbock, 238 Conn. 183, 194, 680 A.2d 1243 (1996). "Legal as well as factual disputes may be designated by the contract to be within the purview of the arbitrators . . . but arbitration and its scope remain dependent on the contract. The courts are empowered to direct compliance with the provisions of arbitration agreements, but no one may be compelled to arbitrate a dispute outside the scope of the agreement, which constitutes the charter of the entire arbitration proceeding and defines and limits the issues to be decided by the arbitrators." (Citations omitted.) Id., 194-95. See also Alca Const. Co. v. WaterburyHousing Auth., 49 Conn. App. 78, 82, 713 A.2d 886 (1998).
The Fink case is determinative of the present case. In Fink, the parties submitted some issues to arbitration, but the plaintiff brought a separate action to the trial court on the plaintiff's tort claims and a claim for violation of CUTPA. The Connecticut Supreme Court found that "the claims that were actually decided in the arbitration proceeding and those that could have been decided because they were within the scope of the submission persuades us that the claims asserted in the present action are barred by res judicata." Id., 196. The court read the language of the arbitration clause in Fink as "all-embracing, all-encompassing and CT Page 11084 broad." Id. The language in the arbitration clause in Fink is similar to the arbitration clause in the present case. In Fink, the clause stated: "[a]ny disputes arising under [the relevant arbitration clause] shall be submitted to the American Arbitration Association. . . ." (Emphasis in the original.) Id. Accordingly, the Fink court found that the tort claims and the claim for a violation of CUTPA that the plaintiff litigated at the trial court could have been brought in the arbitration proceeding. Id.
Thus, because the plaintiff's claims in the present case are "encompassed within the broad and unrestricted submission [to arbitration] agreed to by the parties;" Fink v. Golenbock, supra,238 Conn. 196-97; and the predicate for the plaintiff's claims is a dispute arising under the lease agreement, the plaintiff is obligated under the lease agreement to submit its disputes to arbitration. See General Statutes § 52-408 ("[a]n agreement in any written contract . . . to settle by arbitration any controversy thereafter arising out of such contract, or out of the failure or refusal to perform the whole or any part thereof . . . shall be valid, irrevocable and enforceable, except when there exists sufficient cause at law or in equity for the avoidance of written contracts generally").
"Furthermore, this court has determined that doubts regarding whether an issue is arbitrable should be resolved in favor of arbitration." Finkv. Golenbock, supra, 238 Conn. 195, citing John A. Errichetti Associatesv. Boutin, 183 Conn. 481, 488-89, 439 A.2d 416 (1981) ("Under the positive assurance test, judicial inquiry . . . must be strictly confined to the question whether the reluctant party did agree to arbitrate the grievance. . . . An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." [Emphasis in original; internal quotation marks omitted.]).
In accordance with the above findings, the defendant's motion to stay the action and compel arbitration is hereby granted and the plaintiff's objection to the defendant's motion is overruled.
THOMAS P. MIANO JUDGE