[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff hereinafter "AMROC" filed suit in the state of New York against the defendant hereinafter "Romano". Romano did not appear and judgment was entered in the amount of $50,867.52, plus costs of $370.00, for a total of $51,237.52
The instant action is brought pursuant to Connecticut General Statutes § 52-607 permitting the judgment creditor to bring a common law action reserving the right to the debtor to attack collaterally the foreign judgment by establishing facts that would render the judgment void. Seaboard Surety Co. v. Waterbury, 38 Conn. Sup. 468, 451 A.2d 291
(1982).
AMROC argues that only Romano's Second Special Defense is viable in this case since the First Special Defense would only be viable if payment had been made or the judgment satisfied. The plaintiff filed its affidavit of debt showing a balance due of $42,109.27 plus interest, at the rate of 9% per annum ($10.38 per day) since June 19, 2000.
Plaintiff argues that the only viable special defenses are payment in full and that New York has no jurisdiction over the defendant. CT Page 5538
On August 21, 2000, the defendant attempted to assert three additional Special Defenses, which the court (Silbert, J.) disallowed. Accordingly neither usury nor novation was allowed.
This court afforded the defendant an opportunity notwithstanding the Special Defenses of novation and usury to be disallowed an opportunity to address those issues if raised by the defendant after trial (Transcript 11/21/2000 p. 108).
The plaintiff cites the applications of the attempted special defense of usury and novation as referring to a telephone conversation between the defendant and Ron Jacobs Esquire of the New York Bar. Romano testified he learned of this investment through Mr. Silverberg, who recommended he invest in a Limited Partnership known as Kansas City Limited Partnership. Romano gave a down payment together with the proceeds of a loan by AMROC Investment Incorporated.
Romano further testified he discussed his ability to maintain his position in the partnership with Mr. Jacobs in 1990 by phone and advised Jacobs he could not afford his payment on the loan to AMROC. Romano testified he was relinquishing his dividends and stopped paying on the loan. Romano said after that he received no dividends and stopped paying. Romano asserts it was his understanding that Jacobs had accepted his offer and he never heard from AMROC until this lawsuit in Connecticut now before the court.
In cross examination Romano testified that neither Mr. Jacobs nor AMROC ever sent him any documentation releasing him from liability nor did he ever receive documentation for releasing his shares in the partnership.
AMROC established through admissions by Romano that he acknowledged that "any suits against him would be in New York and that process would be by mail. (See answer to request for admission.)
The court concludes that notice by mail had been made but that Romano refused to accept any mail regarding the law suit in New York.
The court afforded the plaintiff an opportunity to bring Attorney Jacobs to court who testified he monitored the investments of AMROC and that in the general course of business that Romano would have received K-1 documents for his income tax.
Jacobs further testified that the judgment obtained in New York was in accordance with New York law as provided in the investment and that he does not recall any conversation with Romano. There is no evidence introduced in this case to establish that the plaintiff accepted or CT Page 5539 agreed to discharge the obligation of Romano. The plaintiff further argues that this case differs from the authority in Equity Mortgage v.Niro, 44 Conn. App. 471, 690 A.2d 407. The plaintiff argues that inEquity the court ordered usury briefed by the Appellate Court on the issue of usury sua sponte with regard to public policy.
In this case the parties had agreed to be governed by New York law.
[P]arties are free to contract for whatever terms on which they may agree [and] . . . a court must enforce the contract as drafted by the parties . . . unless the contract is voidable on grounds such as mistake, fraud or unconscionability. Gibson v. Capano, 241 Conn. 725, 730-31,699 A.2d 68 (1997).
Alca Construction Company, Inc. vs. Waterbury Housing Authority,49 Conn. App. 78, 86, 713 A.2d 886 (1998).
The evidence shows that the debt represented by the judgment was not satisfied; and Mr. Romano was not released from his liability to make payments, and he remained the owner of an interest in the partnership through the present time.
Romano was responsible to receive some documentation of his relinquishment in the partnership and not rest on nothing in writing or unconfirmed telephone conversations.
Accordingly judgment may enter in favor of the plaintiff in the amount of $42,109.27 plus 9% interest from 6/19/00 and costs of $370.00.
Frank S. Meadow, J.T.R.