[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS #126
CT Page 7959
On December 13, 1999, the plaintiff, Empire Mortgage Ltd., filed a one-count revised complaint against the defendants, Benjamin Gyadu, Bella Vista Condominiums Association, Inc., People's Bank and Greenwoods Trust Company, doing business as Discover Card Services. The plaintiff alleges, inter alia, that on March 10, 1989, Benjamin Gyadu executed a promissory note to United Bank and Trust Company for $68,000, secured by a mortgage on property at 318 Waterville Street, Unit #2, in Waterbury, Connecticut. The plaintiff further alleges that as the current owner of the promissory note and mortgage, it is owed the unpaid balance of $60,386.64, plus interest, late charges and collection costs. The plaintiff is seeking, inter alia, a foreclosure of the mortgage and immediate possession of the mortgaged premises.
On February 1, 2001, the defendant, Benjamin Gyadu, filed a motion to dismiss on the ground of the prior pending action doctrine. On February 14, 2001, the plaintiff filed a memorandum in opposition to the defendant's motion to dismiss.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "[T]he court, in deciding a motion to dismiss, must consider the allegations of the complaint in their most favorable light." (Internal quotation marks omitted.) Savagev. Aronson, 214 Conn. 256, 264, 571 A.2d 696 (1990). Practice Book §10-31 provides, in relevant part, that "[the] motion [to dismiss] shall always be filed with a supporting memorandum of law, and where appropriate, with supporting affidavits as to facts not apparent on the record." Shay v. Rossi, 253 Conn. 134, 140 n. 8, 749 A.2d 1147 (2000).
The defendant argues that the motion to dismiss should be granted CT Page 7960 because the plaintiff has raised the same issues in a counterclaim in the prior pending action of Gyadu v. Fleet Mortgage Group, Inc., Docket No. 150456.[1] In response, the plaintiff argues that it is permitted to file both a foreclosure action and a suit upon the underlying note. The plaintiff further argues that because these actions are not "virtually alike," the defendant's motion to dismiss should be denied.
"Although a motion to dismiss is the proper vehicle to raise the issue of a prior pending action, the doctrine does not truly implicate subject matter jurisdiction." Gaudio v. Gaudio, 23 Conn. App. 287, 294,580 A.2d 1212, cert. denied, 217 Conn. 803, 584 A.2d 471 (1990). The prior pending action rule states "that when two separate lawsuits are virtually alike the second action is amenable to dismissal by the court." (Internal quotation marks omitted.) Conti v. Murphy, 23 Conn. App. 174,178, 579 A.2d 576 (1990). Moreover, "[t]he rule permitting dismissal of an action because of a prior pending action does not apply when the two actions are for different purposes or ends, or where they involve different issues." (Internal quotation marks omitted.) ALCA ConstructionCo. v. Waterbury Housing Authority, 49 Conn. App. 78, 81, 713 A.2d 886
(1998).
As a general matter, "[a] judge should hesitate to change his own rulings in a case and should be even more reluctant to overrule those of another judge. . . . Judge shopping is not to be encouraged and a decent respect for the views of his brethren on the bench is commendable in a judge. Nevertheless, if the case comes before him regularly and he becomes convinced that the view of the law previously applied by his coordinate predecessor was clearly erroneous and would work a manifest injustice if followed, he may apply his own judgment." Carothers v.Capozziello, 215 Conn. 82, 107, 574 A.2d 1268 (1990).
In the present case, the defendant is attempting, for the second time, to have the action against him dismissed based upon the prior pending action doctrine. The court, Holzberg, J., denied the defendant's previous motion to dismiss on September 8, 1999, holding that "[t]he prior pending action doctrine does not apply because the prior action, [Docket] No. 150456, sounds in tort, while this is a foreclosure matter."[2] There is no evidence indicating that the prior decision was erroneous or that manifest injustice would result if the decision is followed. Id. Since the two actions in question involve distinct issues, application of the prior pending action doctrine is unwarranted. ALCA Construction Co. v.Waterbury Housing Authority, supra, 49 Conn. App. 81. Moreover, the defendant has failed to file a supporting memorandum of law with his motion to dismiss in violation of Practice Book § 10-31. Shay v.Rossi, supra, 253 Conn. 140 n. 8. CT Page 7961
Clearly, the defendant's motion to dismiss is denied.
THOMAS G. WEST, J.