ELOISE MARINOS *v.* BUILDING REHABILITATIONS, LLC, ET AL.
(AC 20991)

Foti, Schaller and Dranginis, Js.

Argued September 10—officially released November 20, 2001

*William M. Mack,* for the appellant (defendant).

*Mary J. Ambrogio*, with whom was *Steven F. Meo*, for the appellee (plaintiff).

*Opinion*

DRANGINIS, J. The defendant Building Rehabilitations, LLC, appeals from the judgment of the trial court enjoining arbitration.[1] On appeal, the defendant claims that the court improperly concluded that the parties' contract did not provide for arbitration of disputes arising under the contract. We affirm the judgment of the trial court.

This dispute arises from an agreement between the parties that required the plaintiff, Eloise Marinos, to perform architectural services for the defendant as part of a project to renovate a vacant building into law offices. The parties' relationship, however, deteriorated for reasons not relevant to this appeal. Subsequently, the defendant discharged the plaintiff and filed a demand for arbitration with the American Arbitration Association. The defendant claimed $100,000 in damages allegedly caused by the plaintiff in the design of the project. The plaintiff sought to enjoin the defendant from compelling the plaintiff to arbitrate on the ground that there was no written agreement between the parties to arbitrate. The court granted the injunction. This appeal followed.

"Our Supreme Court recently set forth the governing principles for our standard of review as it pertains to a trial court's discretion to grant or deny a request for an injunction: A party seeking injunctive relief has the burden of alleging and proving irreparable harm and lack of an adequate remedy at law. . . . A prayer for injunctive relief is addressed to the sound discretion of the court and the court's ruling can be reviewed only

[1] The other defendant, the American Arbitration Association, is not a party to this appeal. We therefore refer in this opinion to the defendant Building Rehabilitations, LLC, as the defendant.

for the purpose of determining whether the decision was based on an erroneous statement of law or an abuse of discretion. . . . Therefore, unless the trial court has abused its discretion, or failed to exercise its discretion . . . the trial court's decision must stand." (Internal quotation marks omitted.) *Granger* v. *A. Aiudi & Sons*, 60 Conn. App. 36, 44, 758 A.2d 417, cert. denied, 255 Conn. 902, 762 A.2d 908 (2000).

"Arbitration is a creature of contract. . . . It is designed to avoid litigation and secure prompt settlement of disputes and is favored by the law." (Internal quotation marks omitted.) *Spicer* v. *Spicer*, 33 Conn. App. 152, 159, 634 A.2d 902 (1993), cert. denied, 228 Conn. 920, 636 A.2d 850 (1994). "[A] person can be compelled to arbitrate a dispute only if, to the extent that, and in the manner which, he has agreed to do so. . . . No one can be forced to arbitrate a contract dispute who has not previously agreed to do so." (Internal quotation marks omitted.) *Green* v. *Connecticut Disposal Service, Inc.*, 62 Conn. App. 83, 86–87, 771 A.2d 137, cert. denied, 256 Conn. 912, 772 A.2d 1124 (2001). Therefore, "[t]he authority for arbitration must be derived from the agreement of the parties . . . and the relevant provisions of applicable statutory directives. . . . *Fink* v. *Golenbock*, 238 Conn. 183, 194, 680 A.2d 1243 (1996); see General Statutes § 52-408 et seq." (Internal quotation marks omitted.) *ALCA Construction Co.* v. *Waterbury Housing Authority*, 49 Conn. App. 78, 82, 713 A.2d 886 (1998). General Statutes § 52-408 provides: "*An agreement in any written contract, or in a separate writing executed by the parties to any written contract,* to settle by arbitration any controversy thereafter arising out of such contract, or out of the failure or refusal to perform the whole or any part thereof, or a written provision in the articles of association or bylaws of an association or corporation of which both parties are members to arbitrate any controversy

which may arise between them in the future, or an agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, shall be valid, irrevocable and enforceable, except when there exists sufficient cause at law or in equity for the avoidance of written contracts generally." (Emphasis added.)

"The existence of a contract is a question of fact to be determined by the trier on the basis of all the evidence. . . . To form a valid and binding contract in Connecticut, there must be a mutual understanding of the terms that are definite and certain between the parties. . . . To constitute an offer and acceptance sufficient to create an enforceable contract, each must be found to have been based on an identical understanding by the parties. . . . Because the defendant's claim involves a finding of fact, we must adhere to the long-standing principle that findings of fact are ordinarily left undisturbed upon judicial review." (Citation omitted; internal quotation marks omitted.) *Cheverie* v. *Ashcraft & Gerel*, 65 Conn. App. 425, 439–40, 783 A.2d 474, cert. denied, 258 Conn. 932, 785 A.2d 228 (2001).

"The trial court's findings [of fact] are binding upon this court unless they are clearly erroneous in light of the evidence . . . . We cannot retry the facts or pass on the credibility of the witnesses. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Noble* v. *White*, 66 Conn. App. 54, 60, 783 A.2d 1145 (2001).

In this case, the court found that there was no written agreement to arbitrate between the parties. Although there was evidence that the plaintiff had sent a proposed

contract containing language that disputes would be resolved by arbitration, the evidence failed to establish that the defendant had agreed to the proposed contract. In fact, the proposed contract was marked "DRAFT" and was not signed by the defendant. After the plaintiff started the project, she sent a letter to Patricia Beckett, the sole owner who was forming the defendant, informing her that a contract was necessary. Beckett, however, refused to sign a contract until the defendant was formed as a limited liability company and the property to be renovated was acquired.[2]

The court properly noted that there is no requirement that a written agreement to arbitrate be signed by both parties; *Schwarzschild* v. *Martin*, 191 Conn. 316, 321, 464 A.2d 774 (1983); however, the court found that the defendant did not otherwise manifest its assent to be bound. The only evidence that the proposed contract was in fact the parties' agreement was Beckett's testimony that she believed the contract was "operable." The court, however, rejected her testimony as not credible. "The resolution of conflicting factual claims falls within the province of the trial court. . . . [W]e cannot retry the facts or pass on the credibility of . . . witness[es]." (Citation omitted; internal quotation marks omitted.) *Crepeau* v. *Gronager*, 41 Conn. App. 302, 310, 675 A.2d 1361 (1996). The court's finding that the parties did not have a written agreement to arbitrate was not clearly erroneous. We therefore conclude that the court's decision to enjoin arbitration was not an abuse of its discretion.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[2] The defendant was formed on September 14, 1998. It took title to the property on October 6, 1998.