## PETER M. BAKKER, SR. *v.* BRAVE INDUSTRIES, INC., ET AL.*

Superior Court, Judicial District of Litchfield
File No. CV01-0085085S

* The plaintiff, Peter M. Bakker, Sr., withdrew his action against the defendants Home Depot U.S.A., Inc., and The Home Depot, Inc., on January 23, 2003; Home Depot U.S.A., Inc., withdrew its cross claim against defendant Brave Industries, Inc., on January 29, 2003.

Memorandum filed December 17, 2002

*Cohen & Wolf,* for the plaintiff.

*Wilson, Elser, Moskowitz, Edelman & Dickers,* for the named defendant.

*Shipman & Goodwin,* for defendant The Home Depot, Inc., et al.

## INTRODUCTION

PICKARD, J. The issue before the court can be stated as follows. Whether the motion to strike the cross complaint filed by the defendant Brave Industries, Inc., (Brave Industries), should be granted or denied on the ground that Connecticut does not recognize contractual indemnification between originally named codefendant parties pursuant to an action under General Statutes § 52-572m et seq., our state's Product Liability Act (act). For the reasons subsequently set forth, the motion to strike must be denied: first, because the legislative history neither indicates, nor has any Connecticut court held, that the act abrogates express contractual indemnification in product liability actions where the indemnitors were the original codefendants and, second, because courts must enforce the terms of a contract unless it is voidable on grounds such as mistake, fraud or unconscionability.

## FACTS

On May 16, 2001, the plaintiff, Peter M. Bakker, Sr., brought an action against Brave Industries, and defendants Home Depot U.S.A., Inc. (Home Depot U.S.A.),

and The Home Depot, Inc. (Home Depot), for personal injuries allegedly sustained from a log splitter manufactured by Brave Industries and distributed for sale throughout retail outlets owned and operated by Home Depot. On June 10, 2002, Home Depot U.S.A. filed a cross complaint against Brave Industries. The cross complaint alleges that Brave Industries sought to market through Home Depot a log splitter it had manufactured and distributed for sale on or prior to September, 1998. It alleges that Brave Industries agreed to the terms of a vendor buying agreement (agreement) as inducement for Home Depot to agree to market the log splitter through its retail outlets.

The agreement allegedly contains terms "pursuant to which Brave Industries agreed to indemnify, defend and hold Home Depot harmless 'against and from any and all claims, lawsuits, judgments, losses, product recalls, civic penalties or actions, costs, liabilities, damages and expenses (including attorney's fee) incurred or to be incurred, which may be brought against [Home Depot] by any person . . . arising or alleged to have arisen (a) out of the . . . injury to any person . . . which resulted or is alleged to have resulted from any acts or omissions of [Brave Industries] or from the [log splitter] or its use; (b) in connection with the failure or alleged failure of [Brave Industries] or [the log splitter] to fully comply with any warranties, guaranties or representations of [Brave Industries] hereunder; (c) in connection with any . . . warranties, labels and/or instructions furnished by [Brave Industries]." The cross complaint further alleges that Home Depot placed the log splitter for sale in its retail outlet in West Hartford, in reliance on the agreement's indemnification provisions. It also alleges that when the plaintiff filed suit, Home Depot made demands on Brave Industries that it indemnify, defend and hold Home Depot harmless against the

claims made by the plaintiff in the present case, but that Brave Industries failed to meet its demands and, as a result, Home Depot has sustained and will continue to sustain damages. The cross complaint includes a prayer for relief of indemnification and defense, monetary damages, attorney's fees, interest and other remedies this court shall deem appropriate.

On June 24, 2002, Brave Industries filed a motion to strike Home Depot's cross complaint and corresponding prayer for relief. Pursuant Book § 10-39, Brave Industries filed a memorandum of law in support of its motion to strike. On August 16, 2002, Home Depot filed a memorandum of law in opposition of the motion to strike pursuant to Practice Book § 10-42. On September 19, 2002, Brave Industries filed a reply memorandum to Home Depot's memorandum in opposition to the motion to strike.

## DISCUSSION

Brave Industries moves to strike Home Depot's cross complaint on the ground that "Connecticut does not recognize contractual indemnification between originally named co-defendant parties pursuant to an action under the Connecticut [Product] Liability Act, General Statutes § 52-572m et seq." It moves to strike Home Depot's prayer for relief on the ground that it is derived solely from the cross complaint.

In its memorandum of law filed in support of its motion to strike, Brave Industries argues that because our Supreme Court in *Kyrtatas* v. *Stop & Shop, Inc.*, 205 Conn. 694, 703, 535 A.2d 357 (1988), intentionally failed to address "under what circumstances a party may seek indemnification for liability imposed upon him in a product liability suit through either a statutory or express contractual claim," this court should refuse to recognize Home Depot's cause of action for contrac-

tual indemnification as a ground for liability. It argues that at least one Superior Court decision following *Kyrtatas, Geib* v. *Oshkosh Trucking Corp.*, Superior Court, judicial district of Stamford-Norwalk, Docket No. CV94-0135932 (March 3, 1997) *(Lewis, J.)*, refused to recognize both implied and express contractual indemnification between originally named codefendants under the act. It submits that this court should grant its motion to strike because, to date, neither our legislature nor our Supreme Court has recognized a cause of action for express contractual indemnification among codefendants in a product liability action.

Home Depot argues that the "court in *Kyrtatas* held only that the [act] abrogates common law indemnification among defendants to the action. . . . Thus, *Kyrtatas* provides no support for Brave Industries' motion." It argues that the court in *Kyrtatas* simply found that the act "intended to abrogate common-law indemnification in this area [of products liability] and replace it with a system of comparative responsibility," and because contractual indemnification has nothing to do with comparative responsibility, express contractual indemnification agreements between defendants in a product liability action are enforceable. Home Depot cites *Kyrtatas* v. *Stop & Shop, Inc.*, supra, 205 Conn. 697, and refers to *Sivilla* v. *Philips Medical Systems of North America, Inc.* Superior Court, judicial district of Waterbury, Docket No. CV95-098910 (October 3, 1995) *(Flynn, J.)*, aff'd, 46 Conn. App. 699, 700 A.2d 1179 (1997), in support of its argument that if the legislature intended to abrogate express contractual indemnification, it would have done so expressly.

Home Depot refers to itself and Brave Industries as "sophisticated, commercial entities dealing in an arm's

length transaction" and insists that "definite contract language is the best indication of the result anticipated by the parties." Home Depot therefore argues that if this court grants the motion to strike and fails to support the agreement, retailers similar to Home Depot may not agree to market such items as the log splitter. Home Depot argues that the decision in *Geib* does not support the position of Brave Industries. Rather, it asserts, the decision addresses only whether implied contractual indemnification is barred. Finally, Home Depot argues that it is not requesting that this court recognize a new form of relief, as Brave Industries insists. As Connecticut courts have consistently recognized a cause of action for express contractual indemnification, Home Depot argues that the only issue is whether the act abrogates this cause of action. It submits that it does not. In sum, Home Depot argues that Brave Industries has offered no authority in support of its motion to strike.

In its memorandum in reply to Home Depot's opposition memorandum, Brave Industries argues that *Adamson* v. *McGhan Medical Corp.*, Superior Court, judicial district of Waterbury, Complex Litigation Docket, Docket No. (X06) CV94-0316119S (July 8, 2002) (*McWeeny, J.*), supports its position because there the court held that a "cross claim is impermissible in a products liability action, in which all parties to the cross claim are already parties to the underlying action." Although the court in *Adamson* relied on cases in which cross claims sought common-law indemnification, Brave Industries asserts that the decision properly kept within the scope of *Kyrtatas* while Home Depot failed to cite any cases that expand the holding in *Kyrtatas*. Brave Industries argues that the language in *Geib* unambiguously indicates a refusal to expand the holding of *Kyrtatas* so as to adopt a new cause of action of express

or implied contractual cross claims for indemnification under the act.

Brave Industries further argues that Home Depot's reliance on *Sivilla* is without merit because *Sivilla* involved a counterclaim rather than a cross claim. Additionally, it assets that if the Appellate Court in *Sivilla* had wanted to overrule or expand on the holding in *Kyrtatas*, it would have done so. Brave Industries refers to Home Depot's characterization of the parties to the present case as "inappropriate conclusory assertions that are not, at least at the outset, the subject matter of the herein motion to strike practice." Finally, Brave Industries argues that the indemnification provision of the agreement is unconscionable because Connecticut law does not exculpate a retailer who simply acted as a conduit for the manufacturer by selling a defective product.

"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any . . . counterclaim . . . or of any one or more counts thereof, to state a claim upon which relief can be granted, or (2) the legal sufficiency of any prayer for relief in any such . . . counterclaim . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39 (a); see also *Macomber* v. *Travelers Property & Casualty Corp.*, 261 Conn. 620, 629, 804 A.2d 180 (2002); *Peter-Michael, Inc.* v. *Sea Shell Associates*, 244 Conn. 269, 270, 709 A.2d 558 (1998). "Practice Book . . . § 10-39, allows for a claim for relief to be stricken only if the relief sought could not be legally awarded." *Pamela* v. *Ment*, 244 Conn. 296, 325, 709 A.2d 1089 (1998). Additionally, "[a] motion to strike may be used to test whether Connecticut is ready to recognize some newly emerging ground of liability. . . . [W]hen the motion to strike is being used to test a new cause of action, a trial court should permit the plaintiff to develop a factual basis for the claim.

. . . Sometimes legal questions require a factual setting within which to be decided. Just because we have a pleading device called a motion to strike it [should not] be regarded as a straightjacket preventing a proper testing of new legal theories." (Citation omitted; internal quotation marks omitted.) *Balsome* v. *Quarry Town Stables, Inc.*, Superior Court, judicial district of Middlesex, Docket No. CV96-0080604 (August 4, 1997) (*Arena, J.*).

"[A]ll well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted. . . . Indeed, pleadings must be construed broadly and realistically, rather than narrowly and technically." (Citation omitted; internal quotation marks omitted.) *Gazo* v. *Stamford*, 255 Conn. 245, 260, 765 A.2d 505 (2001). "The court must construe the facts in the [pleading] most favorably to the [pleader]. . . . If facts provable in the [pleading] would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) *Faulkner* v. *United Technologies Corp.*, 240 Conn. 576, 580, 693 A.2d 293 (1997).

The present case concerns an issue of first impression. The Supreme Court in *Kyrtatas*, holding that the act abrogates common-law indemnification, stated that "this decision *does not address* the question of under what circumstances a party may seek indemnification for liability imposed upon him in a product liability suit through either a statutory or express contractual claim." (Emphasis added.) *Kyrtatas* v. *Stop & Shop, Inc.*, supra, 205 Conn. 703. The court finds that *Geib* does not support the position of Brave Industries: "[The defendant truck manufacturer] requests this court not only to expand the holding of *Kyrtatas* to cover indemnification under express contractual claims, but to take it a step further and allow implied contractual indemnification claims as well. This would be a giant leap from the dicta contained in the *Kyrtatas* decision." *Geib* v.

*Oshkosh Trucking Corp.*, supra, Superior Court, Docket No. CV94-0135932. The court in *Geib* granted a motion to strike a claim for *implied* contractual indemnification only. Its holding does not address the issue of the legal sufficiency of a claim for express contractual indemnification under the act.

Contrary to Brave Industries' argument, *Adamson* does not support its position. Brave Industries is correct in its argument that *Adamson* properly kept within the scope of *Kyrtatas* in its holding that "a cross claim is impermissible in a products liability action in which all parties to the cross claim are already parties to the underlying action." *Adamson* v. *McGhan Medical Corp.*, supra, Superior Court, Docket No. (X06) CV94-0316119S. Nevertheless, the cross-claim referred to is one seeking common-law indemnification under the act when the parties to the indemnification claim were the defendants in the original action, not express contractual indemnification. This is evident from the court's discussion of the Supreme Court's finding in *Kyrtatas* that common-law indemnification is inconsistent with comparative responsibility and from its discussion of *Malerba* v. *Cessna Aircraft Co.*, 210 Conn. 189, 554 A.2d 287 (1989), in which the court allowed a cross claim for common-law indemnification and contribution when the proposed indemnitors were not defendants in the original action. *Adamson* v. *McGhan Medical Corp.*, supra, Superior Court, Docket No. (X06) CV94-0316119S.

The court gives credence to the argument made by Home Depot that because contractual indemnification has nothing to do with comparative negligence, this court should deny Brave Industries' motion to strike. The court in *Kyrtatas* found that the act "cannot be reconciled with the common law doctrine of indemnification. Comparative responsibility is inconsistent with indemnification because the former allows a jury to

assign liability in specific proportion among several defendants on the basis of the evidence presented while the latter doctrine arose in response to the common law prohibition against contribution, and applies only in situations in which a passive joint tortfeasor has no actual responsibility for a tort." *Kyrtatas* v. *Stop & Shop, Inc.*, supra, 205 Conn. 700. The court reasoned that because the legislature has abolished the prohibition against contribution claims made under the act, there is no need to retain the common-law doctrine of indemnification in this context. Id.

Express contractual indemnification did not arise in response to the common-law prohibition against contractual indemnification. Nor does express contractual indemnification apply only when a passive joint tortfeasor has no actual responsibility for a tort. Instead, its source lies in agreements between parties as to how they shall allocate the risk of potential losses or liabilities. "Whe[n] an indemnity agreement . . . indemnifies against liability as well as against loss . . . the indemnitee does not have to wait until the loss occurs, but may sue on the agreement as soon as liability is incurred." (Internal quotation marks omitted.) *Amoco Oil Co.* v. *Liberty Auto & Electric Co.*, 262 Conn. 142, 149, 810 A.2d 259 (2002). Even though parties are permitted to bring actions for contribution in the context of product liability actions, they should not be prevented from contracting in advance as to who shall bear the risk of loss.

Although *Gibson* v. *Capano*, 241 Conn. 725, 699 A.2d 68 (1997), does not fall under the act, it is applicable to the present case as evidence of the importance that courts must give to the freedom to contract: "It is established well beyond the need for citation that parties are free to contract for whatever terms on which they may agree. This freedom includes the right to contract for the assumption of known or unknown hazards and risks

that may arise as a consequence of the execution of the contract. Accordingly, in private disputes, a court must enforce the contract as drafted by the parties and may not relieve a contracting party from anticipated or actual difficulties undertaken pursuant to the contract, unless the contract is voidable on grounds such as mistake, fraud or unconscionability." (Internal quotation marks omitted.) Id., 730–31; see also *ALCA Construction Co.* v. *Waterbury Housing Authority*, 49 Conn. App. 78, 86, 713 A.2d 886 (1998).

"Especially in the context of commercial contracts, we assume that definite contract language is the best indication of the result anticipated by the parties in their contractual arrangements." *Tallmadge Bros., Inc.* v. *Iroquois Gas Transmission System, L.P.*, 252 Conn. 479, 500, 746 A.2d 1277 (2000). As a commercial entity dealing in an arm's length transaction with another commercial entity, Brave Industries signed a contract that contained very clear and definite language revealing the agreement between itself and Home Depot as to who should bear the costs of litigation arising from any potential personal injury claim. Brave Industries, therefore, anticipated that it would have to indemnify Home Depot in a cause of action brought under the act.

In *Sivilla* v. *Philips Medical Systems of North America. Inc.*, supra, Superior Court, Docket No. CV95-098910, the court denied a plaintiff's motion to set aside the verdict on the ground that the court lacked subject matter jurisdiction because the act did not authorize the defendant's counterclaim for express contractual indemnification. The defendant contended that a statute, namely, General Statutes § 52-572r (d), which was repealed prior to the court's decision, prohibited all indemnification claims in a product liability action against any person immune from liability. The court found the statute to be aimed at common-law indemnity

rather than contractual indemnity: "When the legislature wanted to declare written indemnity agreements in the construction industry against public policy and void rather than merely voidable, it knew how to do it. See: [General Statutes] § 52-572k. In that statute it said they were *'against public policy and void.'* That the legislature did not employ such language in § 52-572r (d) is indicative to this court that it did not intend to make voluntary indemnity agreements void." (Emphasis in original.) *Sivilla* v. *Philips Medical Systems of North America, Inc.*, supra, Superior Court, Docket No. CV95-098910. The court in *Sivilla* was correct in its determination that the failure of the legislature to declare that express contractual indemnification in a product liability action is void under the act indicates that express contractual indemnification agreements are, in fact, enforceable.

Accordingly, the court must deny Brave Industries' motion to strike Home Depot's cross complaint and corresponding prayer for relief and recognize a cause of action in this context for express contractual indemnification. Nothing in the legislative history of the act suggests, and no court has found, that the act has abrogated express contractual indemnification agreements between originally named codefendants in a product liability action. This court regards as persuasive authority the Supreme Court's insistence in *Gibson* that courts must uphold parties' freedom to contract and that it should consider the clear and definite language of the agreement between Home Depot and Brave Industries as evidence that Brave Industries anticipated it would have to indemnify Home Depot on account of claims such as the one brought by the plaintiff in the present case.

The motion to strike is denied.